72 N.J. Super. 213 (1962)
178 A.2d 209
MICHAEL P. BETTS, PLAINTIFF-APPELLANT,
v.
BOARD OF ADJUSTMENT OF THE CITY OF LINDEN, IN THE COUNTY OF UNION AND STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1962.
Decided February 8, 1962.
*215 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. George W. Morton, Jr., argued the cause for appellant.
Mr. Lewis Winetsky argued the cause for defendant-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
Plaintiff appeals from a judgment entered in the Law Division dismissing his complaint in which he sought to review the defendant's denial of his application for a variance to erect a one-family house.
On September 24, 1943 plaintiff's father, Richard J. Betts, acquired by deed a vacant lot known as 2114 Alberta Avenue, Linden, N.J. When his father died on January 28, 1960 plaintiff inherited the lot. It has always remained vacant, except when plaintiff's father attempted to erect a garage, which later had to be dismantled on complaint of neighbors.
In 1943 the zoning ordinance placed the land in a Residence A district and would then have permitted the construction of a one-family dwelling. That ordinance prescribed limitations that no dwellings should be erected covering more than 50% of an interior lot, with minimum provisions for side yards and a setback for future buildings.
*216 On April 20, 1949 the zoning ordinance was amended to require a minimum lot area of 4,000 square feet and a minimum frontage of 40 feet in the zone in question.
Plaintiff's lot measures 28 feet in width by 125 feet in depth, with an area of 3,500 square feet. It is adjoined on one side by a lot owned by Leonard Urso having a frontage of 44 feet, and on the other side by one owned by Paul P. Tchir having a frontage of 38 feet, dwellings having been erected on both lots. There are no other lots on the same side of the street, in the same block, having a frontage of less than 36 feet. On the other side of the street, where residences are erected, each lot frontage is not less than 50 feet.
Plaintiff's application for a permit to construct a one-family house on the lot was denied by the building inspector. The denial was appealed to the local board of adjustment and on October 17, 1960 a public hearing was held. We have a transcript of those proceedings in which counsel for the plaintiff made an opening statement to the effect that plaintiff seeks to build a ranch-type house on his lot and that a denial of his application would constitute a hardship under the circumstances. Counsel then called the plaintiff as his only witness. The following ensued:
"Q. Mr. Betts, you heard my representation to the Board as the facts of your case. That is a correct representation? A. Yes, sir.
Q. Is there anything you want to add to it? A. No, sir.
Mr. Magner: Have any of the board members any questions?"
Members of the board then proceeded to interrogate the plaintiff. The adjoining property owners testified and objected to the grant of a variance.
At the conclusion of the hearing, and after having conferred on the matter, the board of adjustment unanimously denied the application for a variance on the grounds that (1) to permit a house to be built on the 28-foot frontage would not conform to the surrounding properties; (2) such a house would tend to depreciate adjoining property values; *217 (3) no other dwelling in the area had been built on a lot of this size; (4) such a variance would set an undesirable precedent; and (5) would tend to adversely affect the intent and purpose of the zoning law.
On appeal to the Law Division, the trial judge had the transcript of the proceedings before the board of adjustment, and counsel for each party made an oral statement. At the conclusion of the hearing the complaint was dismissed. In his oral decision the trial judge remarked that the burden of proving that the action of the board of adjustment in denying the variance was arbitrary, unreasonable or capricious was upon plaintiff, and it was for him to overcome the presumption that its action was valid and reasonable. He stated that plaintiff had to establish before the board of adjustment that the lot was inherently suitable for a one-family dwelling. In these respects the judge said that plaintiff had failed to discharge his burden of proof. There was no evidence before the board that the relief sought could be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of the zone plan and zoning ordinance, citing N.J.S.A. 40:55-39(c). The trial judge concluded that there was no question in his mind that the granting of the requested variance to build a house on the 28-foot lot would be a substantial detriment to the public good, namely, to the neighbors in the area.
Plaintiff urges as grounds for reversal that the action of the board of adjustment was arbitrary, capricious and unreasonable, and also that the Law Division should have remanded the application to the board of adjustment for the taking of additional testimony.
It is fundamental that a landowner seeking a variance on the ground of undue hardship has the burden of proof to establish the existence of the statutory criteria for relief under N.J.S.A. 40:55-39(c). Tomko v. Vissers, 21 N.J. 226, 237 (1956); Ward v. Scott, 11 N.J. 117, 126 (1952); Rexon v. Board of Adjustment, 10 N.J. 1, *218 6-7 (1952); Preye v. Board of Adjustment, 22 N.J. Super. 161, 170 (App. Div. 1952), certif. denied 11 N.J. 328 (1953).
It is an established rule that the decision of the board of adjustment is presumptively correct, Miller v. Boonton Tp. Board of Adjustment, 67 N.J. Super. 460, 469 (App. Div. 1961), and that the spirit of the Zoning Act is to restrict rather than to increase nonconforming uses, Beirn v. Morris, 14 N.J. 529, 537 (1954); Speakman v. Mayor and Council of, etc., North Plainfield, 8 N.J. 250, 257-8 (1951).
The Law Division, on appeal, is required to appraise the findings made by the board of adjustment to determine from the record if there was evidence to support the statutory criteria, namely, the existence affirmatively of sufficient special reasons to grant the variance, and negatively of adequate evidence that the granting of the variance would be without substantial detriment to the public good and would not substantially impair the intent and purpose of the zone plan and the zoning ordinance. Wajdengart v. Broadway-Thirty-Third Corp., 66 N.J. Super. 346, 352 (App. Div. 1961); Herman v. Board of Adjustment, 29 N.J. Super. 164, 167 (App. Div. 1953).
We observe that plaintiff himself testified that he owns a house where he presently resides, and he indicated that he intended to construct a house on the lot in question and might sell it to his sister or rent it for the purpose of producing income. The meager proofs submitted to the board, as above set forth, plainly fell short of establishing the statutory criteria requisite to the granting of a variance and the trial court properly concluded that the presumption that the board's action was correct had not been overcome.
It is argued that the Law Division should have remanded plaintiff's application to the board of adjustment for the taking of additional testimony. The argument is based on a remark by the trial judge who said that "the plaintiff in this case has not sustained his burden of proving *219 that the action of the board of adjustment in denying the application for the variance was arbitrary, unreasonable or capricious." It should be noted that plaintiff's request for a remand to extend the proofs before the board was not included in the relief demanded in plaintiff's complaint and comes into the case for the first time on this appeal. Remand in a proper case serves the purpose of enlarging the record where clarification of proofs is requisite to the intelligent determination of the issues presented. The clarifying process of course may require additional proofs, however, remand is not designed to give an unsuccessful party a second chance after the issues which he chose to litigate have been fully and fairly adjudicated.
It is the applicant's primary responsibility to
"supply competent and credible evidence to apprise the board of the nature and degree of the zoning burden sought to be alleviated through the variance procedure, and to demonstrate that the contemplated use of the property will not substantially impair the intent and purpose of the zoning plan as a whole nor be inconsistent with any of the purposes of zoning as defined by the Legislature in R.S. 40:55-32." Tomko v. Vissers, supra (21 N.J., at p. 238).
The board of adjustment, on the other hand, has the responsibility to weigh the evidence submitted by the applicant so as to arrive at basic factual determinations, and from these derive the ultimate facts from which the recommendation or rejection of the application flows. Bierce v. Gross, 47 N.J. Super. 148, 158 (App. Div. 1957). Plaintiff relied upon undue hardship, but he utterly failed to submit any proof to the board of adjustment that would warrant such a finding. Nor did he offer any proof whatsoever that the variance could be granted without substantial detriment to the public good and that it would not substantially impair the intent and purpose of the zone plan and the zoning ordinance. Ranney v. Istituto Pontificio Delle Maestre Filippini, 20 N.J. 189, 198 (1955). His application was, therefore, properly dismissed.
Affirmed.