Center Realty Corp. *vs.* Zoning Board of Review of the

City of Warwick.

OCTOBER 30, 1963.

Present: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This is a petition for certiorari to review the decision of the zoning board of review of the city of Warwick denying the petitioner's application for an exception to the provisions of the zoning ordinance of that city. Pursuant to the writ the board has returned to this court a certified copy of the record of the proceedings.

The petitioner is the owner of a parcel of land located on the easterly side of Post Road at the intersection of Delaine street which presently is zoned for general business uses. The application specifically seeks an exception pursuant to sec. 14.2.3 of the ordinance pursuant to which petitioner proposes to erect a gasoline service station on the parcel, which is not a permitted use under the ordinance in areas zoned for general business purposes. Section 14.2.3 authorizes the board of review in appropriate cases and subject to appropriate conditions and safeguards "to make special exceptions to the terms of this ordinance where the exception is reasonably necessary for the convenience and welfare of the public."

At a prior hearing on this same application it was denied by the board and brought to this court for review. We took the view that the cause should be remanded to the board for reconsideration. See *Center Realty Corp.* v. *Zoning Board of Review,* 96 R. I. 76, 189 A.2d 347, for further reference.

On remand the board held another hearing at which the

testimony of two expert witnesses was placed in the record. The qualifications of these witnesses as experts in the field of traffic engineering and control were conceded. The expert who appeared on behalf of petitioner testified, in substance, that the operation of the gasoline station would not increase traffic congestion or traffic hazards, thus giving support to the prior contention of petitioner that its operation of the station would not create traffic conditions adversely affecting the public interests. The other expert, testifying on behalf of the objectors, stated that the operation of the gasoline station would result in an increase in the number of left turns by vehicles from the Post Road into the station and that these would create hazardous traffic conditions. This witness conceded, however, that a similar increase in the number of such left turns would accompany the operation of any other permitted use on petitioner's parcel.

Thereafter the board denied the application, stating that it had made a further inspection of the premises and the surrounding area and that of its own knowledge it knew of nine other gasoline stations located "within the radius of a mile of the proposed site * * *." The board further noted its reliance upon opinion evidence to the effect that "additional traffic hazards would be created by the location of a gasoline station on this site * * *."

It is now contended on behalf of the board that there is in the record evidence tending to prove the operation of the proposed gasoline station would bring about an increase in traffic hazards on Post Road which would adversely affect the public convenience and welfare and that, therefore, the board properly denied the instant application. Our attention is directed to the well-settled policy of this court of refusing to disturb the decision of a board of review when the record contains evidence that supports the decision. This court will not, it is true, weigh evidence contained in these records and will abstain from acting when there is

evidence in the record that tends to support the decision. *Laudati* v. *Zoning Board of Review*, 91 R. I. 116, 123.

This policy, however, is not without limitation and will not be applied where a decision of a board appears to rest upon evidence that is incompetent or illegal. We are considering, in these situations, an exercise of these boards of their fact-finding power which, as we have said, must be based upon "reasonably competent evidence, that is, any evidence that is not incompetent by reason of being devoid of probative force as to the pertinent issues." *Zimarino* v. *Zoning Board of Review*, 95 R. I. 383, 187 A.2d 259, 261. In brief, this court will always examine the evidence upon which a board purports to rest a decision for the purpose of determining its competency or legality.

Turning then to the augmented record, it is our opinion that it remains devoid of competent or legal evidence upon which the board reasonably could rest its decision. The decision reveals, as we understand it, that the board denied the application, first, upon its own knowledge as disclosed in the record that several other gasoline stations are being operated within a mile of the location of the proposed station. Nothing appears in the record, however, tending to establish that the operation of the proposed station in this circumstance would produce an increase in the volume of traffic in the area or would intensify any existing traffic congestion therein. Neither does there appear to be any evidence tending to prove that such operation in that circumstance would otherwise have an adverse effect on the public safety or welfare. It is our opinion then that evidence showing that other gasoline stations are being operated in the vicinity of the proposed station is without probative force on the issue of whether the exception, if granted, would be contrary to the convenience and welfare of the public.

It further appears from the record that the board, in denying the application, relied upon its finding that the operation of the proposed station would bring about an in-

crease in traffic hazards on Post Road. This finding obviously is based upon testimony adduced through an expert witness, the substance of which was that any commercial use of the parcel in question that would involve left-hand turns of traffic either to enter or leave the premises would obviously increase congestion and that this would be true regardless of the type of business that might be conducted thereon. This testimony was, in effect, that the operation of the station would increase the number of left-hand turns on Post Road and consequently would increase the traffic hazards. A close examination of the testimony of this witness in its entirety leads us to conclude that in his opinion such increase in traffic hazards would accompany the conduct of a use on the land permitted under the ordinance as well as the use envisioned in the application for an exception.

We are unable, after serious consideration, to conclude that this evidence has probative force on the pertinent issue here because it relates to the effect of a permitted use upon the convenience and welfare of the public. It tends to establish, in our opinion, that the conduct of a use permitted on the parcel in question under the terms of the ordinance would generate a need for making left-hand turns in traffic and result in an increase in traffic hazards. This then would establish only that a granting of the exception sought would result in a condition that was within the contemplation of the city council when it provided for the permitted uses that could be conducted on the parcel under consideration, a condition that cannot be viewed reasonably as adversely affecting the convenience and welfare of the public when it results from the granting of an exception set out in the ordinance.

The finding of the board based on this evidence brings into question the validity of the exercise by the local legislature of authority delegated to it under the provisions of the enabling act to enact an ordinance wherein it pro-

vides for permitted uses and for exceptions which are in the nature of permitted uses. *Montgomery County v. Merlands Club, Inc.,* 202 Md. 279. Whether the city council acted in excess of such power to enact a zoning ordinance in conformity with a comprehensive plan where uses are made permissible that would involve conditions contrary to the public convenience and welfare is not before us and, in our opinion, could not be properly raised in a proceeding seeking the grant of an exception by a board of review.

The petition for certiorari is granted, the board's decision is quashed, and the record certified is ordered returned to the respondent board with out decision endorsed thereon.

*Charles F. Cottam,* for petitioner.

*James R. Morriss,* City Solicitor, *Howard R. Haronian,* Assistant City Solicitor, for City of Warwick, for respondent.