RICHARD J. KRAEMER *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK *et al.*

JUNE 23, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This is a petition for certiorari to review a decision wherein the zoning board of review of the city of Warwick denied the petitioners' application for an exception to operate a professional or prescription pharmacy, so called, in a building located on Post Road in that city on land that is now zoned for limited business uses. The writ issued, and pursuant thereto the respondent has certified the pertinent records to this court.

It appears therefrom that the portion of the land owned by petitioners abutting on Post Road is zoned for limited business uses, while the rear portion of the lot is zoned for residential uses. The building in which the proposed pharmacy would be operated is located entirely upon that portion of the land zoned for limited business uses, but it is conceded that a professional pharmacy is not a permitted use in such a district. The exception specifically sought is provided for in sec. 14.2.3 of the ordinance and empowers the board "In appropriate cases and subject to appropriate

conditions and safeguards to make special exceptions to the terms of this ordinance where the exception is reasonably necessary for the convenience and welfare of the public."

A number of witnesses testified at the hearing on the application, and thereafter the board denied it. The decision reads: "Whereas the Board feels it would not be in keeping with the spirit of the ordinance to allow a general business use in a Limited Business zone, and Whereas the Board feels this is not necessary for the convenience and welfare of the public; therefore, be it resolved that this petition be denied on those grounds."

The board contends that petitioners have the burden of establishing that the exception, if granted, would not give rise to conditions adversely affecting the public interests which are the bases for the limitation of land uses by the legislature in the exercise of the police power. As the board argues, the only evidence adduced by petitioners to show that the exception is reasonably necessary for the convenience and welfare of the public is the statement of one witness who, referring to the exception, said: "This will be advantageous to all the people of the City of Warwick." The board having denied the exception, the probative force of that statement is without materiality on the issue here raised.

There is in the record some evidence concerning the adequacy of the off-street parking facilities at the site of the proposed use from which it could reasonably be inferred that the exception, if granted, would be adverse to the pertinent public interests. The petitioner, Dr. Richard J. Kraemer, when asked if parking facilities were adequate, testified: "No, they are not quite adequate. We want to widen parking area and connect with Dr. Manickas property so that there should be adequate parking facilities." This evidence might be susceptible of a reasonable inference that traffic congestion and driving hazards would fol-

low a grant of the exception and consequently that to grant it would not be in the interests of the public. Such finding, of course, would preclude authority in the board to act in the premises. *Hazen* v. *Zoning Board of Review*, 90 R. I. 108. Conceding that such an inference must be drawn from evidence of an obviously flimsy nature, the question arises whether to do so would be inconsistent with the view this court took in *Kelly* v. *Zoning Board of Review*, 94 R. I. 298, 180 A.2d 319.

We are persuaded, however, that we need not answer this question, it being our opinion that the record in the instant case discloses the board's misunderstanding of the nature of the exception and its function in the administration of a zoning ordinance. The board in its decision based its denial of the exception in part on a finding that it "feels it would not be in keeping with the spirit of the ordinance to allow a general business use in a Limited Business zone * * *." This reveals a significant confusion of the variance with the exception on the part of the board. Under our enabling act and in ordinances enacted pursuant thereto, the variance and exception are designed to meet two entirely different needs. The variance contemplates a departure from the terms of the ordinance in order to preclude confiscation of property, while the exception contemplates a permitted use when under the terms of the ordinance the prescribed conditions therefor are met. See *Harrison* v. *Zoning Board of Review*, 74 R. I. 135.

Under the provisions of our enabling act, G. L. 1956, §45-24-19c, the board of review is empowered to grant a variance on a finding that a literal enforcement of the terms of the ordinance will result in unnecessary hardship. However, the statute requires that in granting such a variance "the spirit of the ordinance shall be observed * * *." It is our opinion then that when a board grants a use by way of a variance that is not contemplated by the terms of the

ordinance, the use so granted must be consistent with the purposes and objectives of the zoning ordinance or, to put it briefly, must be of such a character as will not be violative of the basic zoning objectives.

On the other hand, under the provisions of §45-24-19b, the board may grant such exceptions to the terms of the ordinance as it "is authorized to pass under such ordinance." It is clear then that a board, in granting an exception, is not to concern itself with the effect thereof on the objective of the zoning ordinance but properly should limit its consideration to whether the applicant has established a right to a grant of an exception for which the local legislature has provided in the ordinance. In short, if the exception set out in sec. 14.2.3 of the zoning ordinance is susceptible of being construed as authorizing by way of exception a general business use in a limited business district, it contemplates a use permitted by the ordinance and naturally consistent with its purposes. We are unable to determine from the record before us whether in acting in the instant case the board was circumscribing its authority to grant an exception in a manner not provided by the provisions of the enabling act or the terms of the ordinance. In this circumstance it is our opinion that in the interests of justice the cause should be remanded to the board for a reconsideration of the application in the light of this opinion.

The records certified are remanded to the respondent board with instruction that the application therein be reconsidered and determined in accordance with this opinion. Jurisdiction over the petition for certiorari is retained, however, for such further review by this court of the action of the respondent board on this application as may be necessary.

*Joseph M. Berg, Eugene F. Cochran,* for petitioners.

*James R. Morriss,* City Solicitor, *Howard R. Haronian,* Assistant City Solicitor, for respondent board.