209 A.2d 225.

STEFANY WYSS *et al. vs.* ZONING BOARD OF REVIEW
OF THE CITY OF WARWICK.

APRIL 22, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This petition for certiorari was brought to review the action of the zoning board of the city of Warwick in denying the application of the petitioner Stefany Wyss for a variance or an exception to permit her to conduct a used car sales establishment on the petitioners' land which is located in a heavy commercial zone. Hereafter for convenience, reference to either the petitioners or the applicant will be made interchangeably in the plural. The writ issued

and pursuant thereto the respondent board has certified the pertinent records to this court.

Although the petition recites that it is for a variance or an exception, the petitioners in fact seek an exception which will permit the use for the purposes specified of eight lots owned by them and located on Post Road. The board previously in May 1962 authorized petitioners to conduct the identical activity on three of those lots, but had limited its permission to two years which period had either expired or was about to expire when this application was filed. The board denied petitioners' request on June 23, 1964 and in its decision gave as reasons therefor that petitioners had failed to confine business operation to the lots to which the prior permission related and had continued to conduct business in an objectionable manner after receiving a notice of violations from the inspector of buildings. As to the latter grounds the board's reference is undoubtedly to a letter from the building inspector to petitioners directing that the practice of storing automobiles on lots other than those to which the then permit applied should be discontinued and that failure so to do would result in prosecution.

To deny an exception for the indicated reasons evidences a misconception by the board of the nature thereof and of the limitations within which the jurisdiction conferred upon it may be exercised. *Kraemer* v. *Zoning Board of Review,* 98 R. I. 328, 201 A.2d 643. The authority of the board to grant exceptions and the standards which govern in the performance of its duties thereunder stem from the zoning ordinance. *Fitzgerald* v. *Board of Review,* 99 R. I. 221, 206 A.2d 635. Under secs. 14.2.3 and 14.2.4 the substantial considerations relevant to the exercise of its jurisdiction on an application for an exception are the convenience and welfare of the public, the general welfare of the city and the consistency of the requested use with the general purposes and intent of the ordinance as set forth in sec. 1 thereof. In

considering the application the scope of the board's concern was confined to whether petitioners had established entitlement thereto under the standards fixed by the local legislature. When it grounded its consideration upon petitioners' prior violations of the zoning ordinance it exceeded its legitimate authority and invaded the province of the courts, jurisdiction over such matters having been conferred upon them by the legislature under G. L. 1956, §§45-24-6, 45-24-7.

It should be observed, moreover, that it is alleged in the petition for certiorari that, following his letter notifying petitioners of their violations, the building inspector agreed that the charges against them were not serious and, absent further complaints, would not be considered as cause for prosecution. These allegations in the petition are undisputed and for that reason are accepted by us as true. *Roberts* v. *Board of Elections,* 85 R. I. 203, 207. It is clear, therefore, that the board not only misconceived its function, but additionally premised its decision, at least in part, upon factual considerations which admittedly are contrary to the actual fact.

The board contends, however, that the record is devoid of any evidence whatsoever which would justify the relief sought under the appropriate standards and that it was thereby precluded from acting affirmatively. In substance, while conceding for purposes of argument that the reasons given in its decision were without relevance in the premises, it argued nonetheless that petitioners had failed to sustain their burden of establishing entitlement to the relief sought. That contention, whatever its merit might be in other circumstances, see *Caldarone* v. *Zoning Board of Review,* 74 R. I. 196, is not here persuasive.

Although petitioners presented no direct evidence upon which a decision in their favor could be predicated, an examination of the record discloses that two years earlier the board had granted an exception for the conduct of a used

car sales establishment on a portion of the land to which this application is addressed. As in the case of other public bodies, we presume that its official actions were properly performed. That presumption carries with it an assumption that the board found that the facts prerequisite to the grant of an exception existed and that it applied correct standards in reaching its conclusion. *State* v. *Board of Aldermen,* 18 R. I. 381. In the peculiar circumstances of this case that decision, while not conclusive, was relevant evidence to be considered by the board in passing on this application. *Capaldo* v. *Public Utility Hearing Board,* 77 R. I. 378, 383. That being the case, its contention that there was no evidence before it which would have justified affirmative action is without merit.

Just as in *Kraemer* v. *Zoning Board of Review, supra,* we conclude that the interests of justice require that the board reconsider the application in the light of this opinion.

The records certified are remanded to the respondent board with instructions that the application therein be reconsidered and determined in accordance with this opinion. In the circumstances of this case justice requires that petitioners as well as those remonstrants who appeared at the earlier hearing be given adequate notice of the new hearing and be offered an opportunity to submit further evidence thereat.

Jurisdiction over the petition for certiorari is retained, however, for such further review by this court of the action of the respondent board on the application as may be necessary.

*Charles F. Cottam,* for petitioners.

*James R. Morriss,* City Solicitor, *Howard R. Haronian,* Assistant City Solicitor, for respondent.