**ROGER WILLIAMS COLLEGE**

v.

**Raymond GALLISON, Jr., et al.**

**No. 89-551-M.P.**

Supreme Court of Rhode Island.

March 30, 1990.

James DiPrete, Jr., Hinckley, Allen, Synder & Comen, Providence, for petitioner.

Eric Paul Chappell, Chappell & Chace, Portsmouth, William P. Dennis, Wright, O'Hara & Dennis, Warren, Bruce H. Cox, East Providence, for respondents.

## OPINION

PER CURIAM.

This petition for certiorari came before the court for oral argument March 8, 1990. The petitioner seeks review of an order of the Superior Court that remanded the case to the Zoning Board of Review for the Town of Bristol for a further evidentiary hearing. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the trial justice erred in remanding the case for a further evidentiary hearing and should have entered judgment requiring the zoning board to grant the special excep-tion to allow construction of student dormi-tories as requested in the petitioner's appli-cation.

The trial justice found that a public hear-ing was held before the Zoning Board on April 11 and May 15 of 1989. All parties were represented by counsel. The petition-er presented seven witnesses, including three expert witnesses: a registered pro-fessional architect, a certified real estate appraiser, and a registered professional traffic engineer. The trial justice found that all petitioner's witnesses were subject-ed to vigorous cross-examination by mem-bers of the Zoning Board and by remon-strants through counsel. In opposition to petitioner's application, neighbors spoke and raised various concerns. The only ex-pert "evidence" submitted by remonstrants was a memorandum summary prepared by a real estate appraiser. This memorandum also expressed an opinion concerning the effect of the proposed construction upon traffic.

The trial justice concluded that the Zon-ing Board erred in relying upon this writ-ten memorandum on the ground that no cross-examination of remonstrants' expert was allowed. The trial justice also found that remonstrants' real estate expert did not claim any expertise in traffic engineer-ing and that, therefore, his opinion in this area was merely a lay judgment without force or effect. *Toohey v. Kilday*, 415 A.2d 732, 737 (R.I.1980). The trial justice concluded by finding that the record did not substantiate the decision of the Zoning Board denying the application for special exception. He then remanded the case to the Zoning Board to take further evidence in respect to "traffic studies" and to ad-dress whether the proposed use would be compatible with neighboring land use.

■ We recognize that G.L.1956 (1988 Reenactment) § 45–24–20(d) confers upon the trial justice the authority to remand a case to the zoning board of review for further proceedings. This authority, how-ever, should not be exercised in such cir-cumstances as to allow remonstrants an-other opportunity to present a case when the evidence presented initially is inade-

quate. *See Betts v. Board of Adjustment of Linden,* 72 N.J.Super. 213, 178 A.2d 209 (1962). The remand for further proceedings should be based upon a genuine defect in the proceedings in the first instance, which defect was not the fault of the parties seeking the remand, *see, e.g., Kraemer v. Zoning Board of Review of Warwick,* 98 R.I. 328, 201 A.2d 643 (1964) and *Center Realty Corp. v. Zoning Board of Review of Warwick,* 96 R.I. 482, 194 A.2d 671 (1963), or upon the fact that there is no record of the proceedings upon which a reviewing court may act. *Holliston Sand Co. v. Zoning Board of Review of North Smithfield,* 98 R.I. 93, 200 A.2d 9 (1964).

In the case at bar, however, a full evidentiary presentation was made by the petitioner concerning all relevant issues. The failure of the remonstrants to present persuasive and competent evidence on these issues was certainly not the fault of the petitioner. Therefore, we are of the opinion that it is inappropriate to require the petitioner to go through what in effect would be a de novo hearing in order that the remonstrants might present evidence that should have been available to them in the first instance.

For the reasons stated, the petition for certiorari is hereby granted. The order remanding the case to the Zoning Board of Review for the Town of Bristol is hereby quashed. The papers in the case are remanded to the Superior Court with directions to enter a judgment reversing the decision of the Zoning Board and requiring the issuance of the special exception subject to the conditions and the safeguards that have been set forth on the record and are further listed on pages 17 and 18 of the petitioner's memorandum dated February 3, 1990.