[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION ON DEFENDANT CEDAR CREST NURSING CENTRE'S MOTION FORRECONSIDERATION REMAND
Defendant Cedar Crest Nursing Centre ("defendant") has requested this Court to stay its final judgment in the above-entitled matter, pending this Court's decision on Defendant's Motion for Reconsideration and Remand. Pursuant to G.L. 1956 (1988 Reenactment) § 45-24-20, this Court rendered its decision in this case on April 22, 1993. Final judgment has not yet been entered. A hearing on defendant's motions was held on June 1, 1993.
After reconsidering its decision of April 22, 1993 and hearing subsequent arguments of counsel, this Court denies defendant's request to have it remand the case back to the Board for "further" testimony concerning both changed circumstances requiring a variance and the economic impossibility of operating a nursing home without one. Pursuant to § 45-24-20(b), a party's application to present additional evidence before the zoning board must be made ". . . before the date set for hearing in the superior court. . . ." Furthermore, pursuant to same statute, leave to present such evidence is granted when ". . . it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for the failure topresent it at the hearing before the board." (Emphasis added). Section 45-24-20(c) further provides that if in its initial consideration of the record of the appeal from the zoning board, it appears to the court that additional evidence is necessary, it ". . . may allow any party to the appeal to present evidence in open court, which evidence along with the record shall constitute the record upon which the determination of the court shall be made." In the instant matter, the defendant has never requested leave, pursuant to § 45-24-20(b), to present additional evidence to the zoning board before the date of hearing, and the court in considering the record did not request that any party present additional evidence in open court as it did not find that additional evidence was necessary.
In its motion, defendant cites Irish Partnership v. Rommel,518 A.2d 356 (R.I. 1986) and Winters v. Zoning Board of Review,80 R.I. 275, 96 A.2d 337 (1953) as persuasive authority for this Court's remand of the subject case to the zoning board. Defendant's reliance on these cases is misplaced. In IrishPartnership, the Supreme Court remanded the case to the zoning board because said board had failed to state findings of fact and the record was ". . . lacking sufficient facts that would facilitate [the court's] judicial review." Irish Partnership,
518 A.2d at 359. In Winters, though the zoning board had failed to state the reasons for its decision, the Supreme Court was able to glean from the record reasons for the Superior Court's decision and thus affirmed rather than remanded or reversed the board's decision.
In the case at bar, the record before this court contained sufficient findings of fact and evidence of record to warrant review by the Superior Court. In Rogers Williams College v.Gallison. 572 A.2d 61 (R.I. 1990), the Supreme Court recognized the Superior Court's authority to remand a case to a zoning board for further proceedings but cautioned that "[t]his authority, however, should not be exercised in such circumstances as to allow remonstrants another opportunity to present a case when the evidence presented initially is inadequate." Id. (quoting,Betts v. Board of Adjustment of Lincoln, 72 N.J. Super. 213,178 A.2d 209 (1962)). The Supreme Court further held that
 [t]he remand for further proceedings should be based upon a genuine defect in the proceedings in the first instance, which defect was not the fault of the parties seeking the remand . . . . or upon the fact that there is no record of the proceedings upon which a reviewing court may act. . . .
Roger Williams College, 572 A.2d at 63.
In the instant matter, this Superior Court had before it a record of the proceedings. That record evidenced that defendant before the 1991 zoning board was requesting that the condition of 90 to 95 beds imposed on the 1967 zoning board's grant of the variance to construct a nursing home be corrected to reflect 135 beds,[1] the number allowed by the Department of Health. In its motion, defendant specifically explains that ". . . they attempted to correct the problem by appearing before the Board for `clarification' of that variance. . . .; [t]heir purpose was not to seek a new variance, just to demonstrate to the the Board that the 90-95 bed description attached to the variance was just that — a description — and not a condition of the variance." ("Defendant's . . . Motion for Reconsideration and Remand" at 2.).
As defendant essentially argues that said "condition" was merely a "description," defendant thereby indicates that it was legally entitled to disregard said "condition" from 1970 to the present by operating the facility in excess of 90-95 beds. In fact, since 1980 the facility has operated at a 135 bed capacity. (Court's Decision of April 22, 1993 at 2, citing Transcript at 6). Accordingly, the record before this Superior Court demonstrated that the changed circumstances of defendant's second request for relied from the 1991 zoning board was the forty additional patients who were illegally occupying the nursing home. Consequently, this Court found in its decision that the hardship evidenced in the record was self-created. (Court's Decision at 9). In its application for relief from the zoning board contained in the record, defendant stated: "[t]his is simply a request to confirm what presently exists on the property, that is a two (2) story Extended Nursing Facilities Building with 35 beds." Our Supreme Court has held that "[t]he powers of boards of review to grant variances pursuant to the provisions of G.L. 1956, § 45-24-19(c) . . . are designed to provide a landowner with a means of having his property relieved from the terms of an ordinance. . . ."; "[t]hey are not intended as a method of sanctioning conditions which do not conform, for the reason that such conditions were brought about by the landowner. . . ." Slawson v. Zoning Board of Review of Town ofBarrington, 102 R.I. 493, 232 A.2d 362, 364 (1967).
For the reasons contained herein, the Court denies defendant's post-judgment request for a remand of this case to the zoning board with subsequent reconsideration of its decision in the matter. The proper avenue for review of a Superior Court decision pursuant to § 45-24-20 is by petition of certiorari to the Supreme Court. Harmel v. Tiverton Zoning Board of Review,603 A.2d 303, 305 (R.I. 1992).
Counsel shall submit the appropriate judgment for entry forthwith.
[1] The 1991 Board found that the earlier, 1967 variance was limited to 95 beds. (Exhibit B, Decision of Zoning Board, 6/13/91.)