DECISION
Before this Court is the appeal of Carol M. Nelson Stenmark and David Stenmark (Plaintiffs) from a January 11, 1995 and April 10, 1996 decision of the Zoning Board of Review of the City of Cranston (the Board) in which the Board denied Plaintiffs' application for a variance. Jurisdiction in this Court is pursuant to R.I.G.L. 1956 (1991 Reenactment) § 45-24-69.
Facts/Travel
Plaintiffs are the owners of the subject lot in question which is designated as Assessors Plat 10/2, Lot 1079. The lot, zoned A-8 is located at 50 Althea Drive, Cranston, Rhode Island.
Pursuant to Sec. 30-16 of the Cranston Zoning Ordinance, "No building or structure shall be erected, occupied or used, and no land or premises shall be used except in compliance with the requirements in Sec. 30-19." Section 30-19 provides, in pertinent part, that in an A-8 district the schedule of intensity regulations require a minimum front yardage of twenty-five (25) feet.
Intending to construct a one car addition to their home, plaintiffs filed an application seeking relief from the setback regulation. The plans submitted by plaintiffs indicate that the proposed additional garage would be set back twenty-four and two and one sixteenth (24-2 1/16) feet from the curb. The Cranston Planning Commission voted to approve the application.
A hearing was held on January 11, 1995 before the Cranston Zoning Board of Review. At the hearing, plaintiff, David Stenmark, offered testimony as to the purpose of the additional garage. Mr. Stenmark testified that he owned four cars, two of which were stored at another location. The car he wished to have at the house, in addition to the two used on a daily basis, was an antique. He testified that he did not want to keep the antique outside. Mr. Stenmark also stated that his wife operates a legal nonconforming business, as confirmed by the City of Cranston, from the house.
The Board also heard from one neighbor who had no objection to the proposed additional garage. Three objectors appeared at the hearing, including Charles Walker who lived across the street from plaintiffs. Two of the objectors testified that the resulting three car garage would be out of character with the neighborhood and traffic congestion due to plaintiffs' business would be further compounded. The Board also received a letter from Charles Walker's attorney setting forth the Walkers' objection to the application. The Walkers had a pending civil action against the plaintiffs regarding the plaintiffs' business use of their property at the time of the Zoning Board hearing.
After hearing testimony and duly considering the arguments put forth, the Board held that their granting of the application would substantially injure the appropriate use of the property and would not be in harmony with the character of the neighborhood or appropriate to the uses of the building in that district. Further, the Board held that there was no evidence of undue hardship relative to the lot in question. In response, plaintiffs filed an appeal.
After filing the complaint, Plaintiffs filed a Motion for Leave to Present Additional Evidence before the Zoning Board. Plaintiffs requested that the Board be presented with evidence that summary judgment had been entered on behalf of plaintiffs in the civil action brought by the Walkers. That motion was granted and the matter was remanded to the Zoning Board.
On April 10, 1996, the Board once again reviewed plaintiffs' application for a variance. The Zoning Board considered the new evidence, the Superior Court order and transcript. In its deliberations the Board did not give weight to the testimony of any persons opposed to the application. The denial of the application was based on the following reasons: a three car garage would be an over intensive use of the property, it would be injurious to the neighborhood, and it would be out of character with the neighborhood since no other three car garages were in the neighborhood. The Board recognized that there was a dispute between the plaintiffs and the Walkers; however, the Board did not base its denial on any testimony based on that dispute. In response, plaintiffs filed this appeal.
Standard of Review
Superior Court review of a zoning board decision is controlled by R.I.G.L. 1956 (1991 Reenactment) § 45-24-69 (D) which provides:
 45-24-69. Appeals to Superior Court.
 D) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) in violation of constitutional, statutory or ordinance provisions;
 (2) in excess of the authority granted to the zoning board by statute or ordinance;
 (3) made upon unlawful procedure;
 (4) affected by other error of law;
 (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence, Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388, A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
The Variance Standards
Plaintiffs contend that the Board applied an improper standard in denying their application for the requested relief. Plaintiffs further aver that the Board's decision is not supported by sufficient evidence on the record and is, therefore, reflective of an abuse of discretion.
There are three types of relief from zoning ordinances; a `true' variance, a deviation and an exception. Bamber v. ZoningBoard of Review, 591 A.2d 1220 (R.I. 1991); Gara Realty, Inc. v.Zoning Board of Review of South Kingstown, 523 A.2d 855 (R.I. 1987); See also Viti v. Zoning Board of Review. 92 R.I. 59, 64-65. 166 A.2d 211 (1960).
A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance. A petitioner seeking a true variance must satisfy the "unnecessary hardship" standard of R.I.G.L. 1956 (1991 Reenactment) § 45-24-19 (c), which requires a showing of deprivation of all beneficial use of property. Bamber, 591 A.2d at 1223.
A deviation is relief from restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirements. To obtain a deviation by this standard, the threshold a landowner must satisfy is to demonstrate to the zoning board that the denial of the request would have an adverse impact amounting to more than a mere inconvenience. Id. (citing Felicio v. Fleury, 557 A.2d 480 (R.I. 1989). "More than a mere inconvenience" has been interpreted to mean that an applicant must show that the relief he or she seeks is reasonably necessary for full enjoyment of the permitted use.DiDonato v. Zoning Board of Review of Town of Johnston,104 R.I. 158, 242 A.2d 416 (1968).
The third type of relief, the exception, is relief expressly allowed by the applicable zoning ordinance that is similar in nature to a deviation in that it generally pertains to area setback requirements of a permitted use. To obtain such an exception the petitioner need only show that neither the proposed use nor location would have a detrimental impact upon the public health, safety, welfare or morals. Bamber, 591 A.2d at 1223-24.
In the case at bar, plaintiffs filed an application for an exception/variance to construct a one car garage addition to their single family home with an existing two car garage. In their application, plaintiffs sought relief from the setback requirement of twenty-five (25) feet. In denying plaintiffs' application on January 11, 1995, the Board treated the application as a `true' variance and applied the "unnecessary hardship" standard.
Plaintiffs contend that the Board inappropriately applied the burden of proof applicable to `true' variances as the proper standard was that for a deviation. This court agrees that the type of relief sought was not a `true' variance, as they were not seeking permission to utilize the land for a purpose not otherwise permitted. Therefore, the "unnecessary hardship" standard of R.I.G.L. § 45-24-19 (c) was inapplicable.
In the present case, the relief requested was a deviation. Accordingly, it was plaintiffs' burden to prove to the Board the existence of an adverse impact amounting to more than a mere inconvenience from the denial of the deviation requested.
A thorough review of the transcript and exhibits from the hearing on the application reveals that the plaintiffs did not meet said burden. The record is absent of any evidence demonstrating that plaintiffs would suffer an adverse impact amounting to more than a mere inconvenience. The testimony offered by plaintiff, David Stenmark, at the zoning hearing of January 11, 1995 related to the purpose of the additional garage. (Transcript of Zoning Hearing, January 11, 1995, page 4). Mr. Stenmark testified that he owned four cars altogether, with two cars being stored at another location. The car he wished to have at the house, in addition to the two used on a daily basis, was an antique. With regard to the antique car, Mr. Stenmark stated that "I just don't want to keep it outside."
There was no testimony or evidence offered by plaintiffs that they would suffer an adverse impact amounting to more than a mere inconvenience from the denial of the application. Plaintiffs have failed to show that the deviation was reasonably necessary for the full enjoyment of the permitted use of their property. Plaintiffs already have a two car garage for the two cars they use on a daily basis. The only evidence offered by plaintiffs for the need for the additional garage for the antique car was that "I just don't want to keep it outside." Based upon the present configuration of the plaintiffs' house they are able to obtain full enjoyment of their property. Plaintiffs would not suffer an adverse impact as a result of the denial of their application for a deviation, just the inconvenience of storing their antique automobile at another location, As such, the failure by plaintiffs to meet their burden was adequate grounds for denying the application for the requested relief.
Plaintiffs contend that the Board committed an abuse of discretion in denying the application on April 10, 1996. Plaintiffs allege that there was no evidence to support the Board's decision as the Board, in its denial, stated that it did not give weight to the testimony of any persons opposing the application. Therefore, according to plaintiffs, the only evidence remaining was Mr. Stenmark's testimony, the application and plans, testimony of supporters, and the approval of the Cranston Planning Board.
It is precisely because of that remaining evidence that the Board's denial of the application must be upheld. As stated above, it was plaintiffs' burden to prove to the Board the existence of an adverse impact amounting to more than a mere inconvenience in order to win approval of their application. A review of the remaining evidence, Mr. Stenmark's testimony at the January 11, 1995 Board hearing, clearly reveal that the plaintiffs did not meet that burden of proof. As such, the Board's April 11, 1996 denial of plaintiffs' application was not an abuse of discretion.
While this court recognizes that the Board applied an improper standard when it decided plaintiffs' application on January 11, 1995, reversal or modification of the Board's decision or a remand for further proceedings is not warranted under the provisions of R.I.G.L. 1956 (1991 Reenactment) §45-24-69 (D). That section unambiguously requires a finding by the court that the substantial rights of the party have been prejudiced in order to warrant a reversal, modification or remand. This court is not convinced that substantial rights of Plaintiffs have been prejudiced since plaintiffs did not satisfy their burden as previously discussed.
In addition, the Rhode Island Supreme Court has stated that a remand for further proceedings should be based upon a genuine defect in the proceedings in the first instance, which defect was not the fault of the party seeking the remand. Roger WilliamsCollege v. Gallison, 572 A.2d 61, 63 (R.I. 1990). In the present case, fault lies directly upon the plaintiffs for their failure to meet their burden at the zoning hearing. As such, remand is not proper.
After a review of the entire record, this court finds the Board's decision denying plaintiffs' application is supported by substantial evidence. For the reasons set forth above, the January 11, 1995 and April 10, 1996 decisions of the Board are affirmed.