DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review of the Town of Johnston (Board), denying the request of V.J. Berarducci and Sons, Inc. and Michael J. Berarducci (appellant) for "a special exception and variance" pursuant to Article III, Table III D-1, Subsection 9(3) and Subsection 14, of the Zoning Ordinance of the Town of Johnston. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
On October 25, 2001, the appellant requested "a special exception and variance" to construct a building for use as a viewing parlor for funeral services on the premises at 1810 Atwood Avenue, on Assessor's Plat 53/4, Lot 237, 44, 239. At an advertised public hearing on October 25, 2001, the Board heard testimony regarding the application. On November 29, 2001, the Board denied the application for "a special exception and variance." The Board found that
 "(1) The granting for the special exception and variance is not comparable with the neighboring uses and will adversely effect the surrounding neighbors use and enjoyment of their property; (2) The special exception and variance is not environmentally compatible with the neighboring properties and protection of property values; (3) The special exception and variance is not compatible with the orderly growth and development of the Town of Johnston, and is environmentally detrimental therewith; (4) The board has considered the best practices and procedures to minimize the possibility of any adverse effect on any neighboring property in the Town of Johnston and the environment including but not limited to a consideration of soil erosion, water supply protect, septic disposal, wetland protection, traffic limitation, safety, circulation; (5) The purpose of the zoning ordinance as set forth in the comprehensive plan will not be served by said special exception and variance; (6) The special exception and variance will not serve public convenience and welfare; (7) The granting of special exception and variance may result in or create a condition that will be inimicable to the public health, safety, morals and general welfare of the community."
The instant appeal timely followed. The appellant argues that the decision of the zoning board denying the special exception and variance should be reversed because the Board's factual findings were inadequate, and the expert testimony presented was uncontradicted.
 Standard of Review
Aggrieved parties may appeal a decision of the Board to this Court pursuant to G.L. 1956 § 45-24-69 (d) This section provides that the Court's review of the decision:
 The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record, or;
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
 Record before the Court
This Court, when reviewing the decision of a zoning board of review, must examine the entire certified record to determine whether substantial evidence exists to support the finding of the zoning board of review.Salve Regina College v. Zoning Bd. of Review, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)). With respect to zoning board appeals, the record includes "the original documents acted upon by it and constituting the record of the case appealed from. . . ." See §45-24-69(a).
In the case at bar, the Board failed to include a certified record of the proceedings. Consequently, it is impossible to determine whether the findings of the Board were supported by substantial evidence
Pursuant to G.L. 1956 § 45-24-69(d), this court may remand a case to the zoning board of review for further proceedings. However, "[t]he remand for further proceedings should be based upon a genuine defect in the proceedings in the first instance, which defect was not the fault of the parties seeking the remand, or upon the fact that no record of the proceedings upon which a reviewing court may act." Roger Williams Collegev. Raymond Gallison, Jr., et al, 572 A.2d 61, 63 (R.I. 1990).
Unable to comply with its statutory mandate for review under §45-24-69(c), which includes a consideration of the "record of the hearing before the zoning board of review," this Court remands this matter to the Board. Counsel shall present the appropriate order for entry.