In Re: Appeal of John J. Bateman Associates (A Limited Partnership). John J. Bateman Associates, a Limited Partnership, Appellant.

Argued September 28, 1978, before Judges MEN-CER, BLATT and CRAIG, sitting as a panel of three.

*Thomas P. Mohr,* with him *W. Richard Gentry,* and *Gentry and Mohr,* for appellant.

*Robert F. Adams,* with him *Gawthrop & Greenwood,* for appellee.

OPINION BY JUDGE CRAIG, January 9, 1979:

This zoning appeal by John J. Bateman Associates (landowner) presents the question of whether part of land area already counted for zoning requirement purposes, with respect to existing apartment development, can be credited a second time for compliance with the same type of requirement, with respect to retail store development proposed to be added to the same land parcel.

Landowner's parcel, in a C-Commercial district of Westtown Township, Chester County, has an area of 455,202 square feet, a fraction more than 10 acres. In 1966, the landowner submitted a special exception application, embracing the entire ten-acre parcel, to construct a 94-unit apartment development. The Westtown Township Board of Adjustment, now the zoning hearing board (Board), granted the special exception because it complied with all of the Westtown Township Zoning Ordinance (Ordinance) requirements as

they then stood, including a floor area ratio requirement[1] of 0.40 maximum, set forth in Section 302 as applicable to the Commercial District.

In 1971, the township amended the Ordinance to add a Section 302.1, providing a new floor area ratio for apartments in the Commercial District, to be "maximum, 1 apartment per 5,000 square feet." At the same time, Section 302 was amended to read as follows:

> In the commercial (C) district, the following regulations shall apply to all uses, *except apartments and multi-family dwellings*: . . . (Emphasis supplied.)

As amended, the section restated the original floor area ratio maximum of 0.40.

Thus, from the time that Section 302.1 was added, 470,000 square feet (94 units times 5,000 square feet) became the land area required with respect to 94 apartment units.[2]   *Walter v. Philadelphia Zoning Board of Adjustment,* 437 Pa. 277, 263 A.2d 123 (1970). All of the parcel's 455,202 square feet, and more, was thereafter necessarily allocated to satisfy-

---

[1] Section 102.2 of the Ordinance defines "Floor Area Ratio" as the "total allowable floor area for a given lot, divided by the area of that lot."

[2] The Ordinance itself makes it clear that amendments apply to buildings existing at the time the amendments are adopted.

Section 102.2 Definitions

The following words and phrases shall have the meaning given in this section, as follows:

. . . .

Non-Conforming Building. A 'non-conforming building' or other structure is any lawful building or other structure which does not conform to one or more of the applicable area and bulk regulations of the district in which it is located either on the effective date of this ordinance *or as a result of a subsequent amendment thereto.* (Emphasis supplied.)

ing the floor area ratio requirement pertinent to the existing apartment development.

In 1975, the landowner applied for building permits to erect ten retail stores—expressly permitted in the district—on the same parcel. The zoning officer refused the permits, the Board upheld that refusal, and the Common Pleas Court of Chester County, on appeal to it by landowner, affirmed.

Because the facts are wholly undisputed, landowner's appeal to this Court presents a pure question of law. As noted above, we have the question of whether or not land area wholly attributed to floor area ratio compliance for the existing apartments can be credited a second time, to satisfy the floor area ratio requirement applicable to the proposed new retail stores.

To recognize that question is to answer it. We hold that it is axiomatic that land area, once counted for the purpose of meeting a particular type of area requirement, cannot be counted a second time for the purpose of meeting the same type of requirement with respect to other development.[3]

For an illustration of this principle, see *Brosnan's Appeal,* 129 Pa. Superior Ct. 411, 195 A. 469 (1937), *affirmed* 330 Pa. 161, 198 A. 629 (1938), upholding a conclusion by the trial court that allowing the same side yard area to be counted twice, for two separate dwellings, would render zoning area and yard requirements "impotent and utterly useless." Although the ordinance in that case stated that open space provided for compliance as to a building should not again be considered for another building, a fair reading of the Superior and Supreme Court opinions suggests

---

[3] We do not express any opinion on whether or not land area counted with respect to one type of requirement can, in other circumstances, be also credited toward complying with a different type of requirement because that is not the question presented here.

clearly that the proposition would have been followed as self-evident even if it had not been expressed in the ordinance.

The landowner argues that only the 0.40 floor area ratio maximum of Section 302, expressly made applicable to uses other than apartments, is to be applied to the present retail store application. That proposition is true. However, landowner is mistaken in further attempting to apply the same 0.40 ratio to the entire property as presently situated, including the apartments. The new 5,000 square-foot requirement must be applied to the apartments in analyzing the present application.

Thus, in terms of floor area ratio compliance, no land area is left for the stores' floor area ratio compliance. Landowner errs in characterizing the retail store development as proposed for the "remaining portion of the property" because it is clear that there is no "remaining portion of the property" available for the Section 302 floor area ratio compliance of the retail stores, all of it having been employed for the Section 302.1 floor area ratio compliance of the apartments.

Landowner also argues that the aggregate lot coverage of the existing apartments together with the proposed store buildings would not cause the 20% maximum lot coverage requirement to be exceeded. Of course, that aspect of compliance, like the compliance with the use requirement, is immaterial if the proposal still falls short of meeting the floor area ratio, the validity of which has not been attacked by the landowner.[4]

Therefore, we affirm the decision of the court below.

---

[4] It follows that the question of whether lot coverage is measured by coverage of buildings only, or by paving as well as buildings, is also immaterial.

### Order

AND Now, this 9th day of January, 1979, the order of the Court of Common Pleas of Chester County, dated August 5, 1977, is affirmed.