DECISION
Before this Court is an appeal from a September 17, 1992 decision of the Zoning Board of Review of the City of Providence. The plaintiff seeks a reversal of the Board's decision granting Michael T. O'Brien's application for relief. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-20.
FACTS/TRAVEL
On May 19, 1992, Michael T. O'Brien (defendant) filed an application for a variance with the Zoning Board of Review of the City of Providence (Zoning Board). Mr. O'Brien is the record owner of several parcels of land identified on Assessor's Plat 78 as Lots 208, 267 and 268. Mr. O'Brien has owned the premises which are located at 1019 Branch Avenue in Providence for 13 years. The land which is located in an R-3 district currently consists of a single-family home on Lot 208 and two vacant lots.
Pursuant to Sections 101.1 and 304 of the applicable Providence Zoning Ordinance, an R-3 district is a general residence district which allows for both single and multifamily homes. Each lot in an R-3 district must contain at least 5000 square feet, and multifamily units require a minimum of 2000 square feet per dwelling unit. Additionally, buildings in an R-3 district are limited to a height of two stories on lots containing at least a 50 foot frontage and six feet for each side yard.
The defendant's application requested relief from several zoning sections. The sections included § 304, which addresses restrictions on the height of the building, lot area per dwelling unit and side yard requirements and § 417, which states that only one main residential building is allowed per lot. Additional sections included § 703.2 which discusses parking requirements; § 704.2(B), which states the maximum amount of side yard which may be paved; and § 704.2(C) which addresses rear yard paving restrictions.
A scheduled hearing was publicized and heard before the Board on September 17, 1992. At the meeting, the Board heard testimony from Father Edward Mullen representing the Church of St. Geneva and Arnold Robinson representing the Providence Preservation Society. Further, the Board acknowledged it had received the report of the Providence Planning Board and Natale Realty opposing the granting of the defendant's application.
Initially the defendant testified that he had a business in the area and would not be an absentee landlord.
Next the defendant's expert Mr. Sloan testified. First Mr. Sloan described the lots and the surrounding area. Mr. Sloan stated that the requested relief was dimensional in nature, and that the dimensional relief sought was minimal. Mr. Sloan concluded that the apartment complex would not adversely affect the public health, safety and welfare of the surrounding area and that the project would be compatible with current uses in the neighborhood.
In opposition Father Mullen testified that he was concerned about the situation since he felt the project had inadequate parking. Additionally, Father Mullen stated that the defendant had constructed a similar building in North Providence and that the proposed building was in actuality a twelve-unit building. Mr. Robinson testified that the Providence Preservation Society was interested in the action because the area bordered but was not actually part of a historic district.
Finally, the defendant's attorney, Mr. Pisano, moved to include the record of a prior hearing on the same application. At that prior hearing over 40 people testified as to the merits of the variance which the Board granted. However, the Board denied the incorporation of the October 30, 1990 hearing into the record due to the change in the membership of the Board. Consequently, the Court is constrained to the record immediately before it.
After the hearing the Board voted to grant Mr. O'Brien's application for a variance. The Board found that "requiring the demolition of the existing single-family structure serves no beneficial purpose and is wasteful of housing resources." Further, the Board found that the "failure to grant a dimensional deviation would preclude the applicant from a reasonably full enjoyment of the permitted use of the land." Finally, the Board stated that the relief sought was "the minimal amount necessary for a reasonable enjoyment of the permitted use for which the property is proposed." Consequently, the Board granted the variance allowing Mr. O'Brien to construct an eight-unit apartment building and to retain the existing dwelling unit.
As a result of the Board's granting of the variance the plaintiff now appeals the decision of the Zoning Board.
Standard of Review
The Superior Court review of a Zoning Board decision is controlled by Rhode Island General Laws 1956 (1991 Reenactment) § 45-24-20(d), which provides in pertinent part:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a Zoning Board decision, the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 388 A.2d 821, 825 (R.I. 1978). This requisite "substantial evidence" has been further defined ". . . as more than a scintilla but less than a preponderance."Id. at 824; ". . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 826.
The plaintiff contends in its brief that the Zoning Board made findings which were clearly erroneous. Specifically, the plaintiff argues the Zoning Board was in error when it applied the Viti doctrine in granting the requested relief. The plaintiffs assert that since § 417 of the Zoning Ordinance forbids more than one main residential building per lot, a true variance is required to obtain relief from the section. The plaintiff argues that nowhere in the Board's findings is the loss of all beneficial use standard of a true variance satisfied.
Alternatively defendants argue that the relief which was sought by Mr. O'Brien and granted by the Zoning Board is dimensional in nature. As a result, the defendants aver that as the actual relief is not related to the use of the property, that the proper standard to apply is the Viti doctrine.[1]
The Supreme Court recently distinguished between a true variance and a deviation in Bamber v. Zoning Bd. of Review,591 A.2d 1220 (R.I. 1991). The Court stated that
 "A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance. . . ." "A petitioner seeking a `true' variance must satisfy the `unnecessary hardship' standard of sec. 45-24-19(c), which requires `a showing of deprivation of all beneficial use of property'."
 "A deviation is relief from the restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirements. . . ." "A petitioner seeking a deviation need show only an adverse impact amounting to more than a mere inconvenience."
Bamber v. Zoning Bd. of Review, 591 A.2d at 1223 (citingFelicio v. Fleury, 557 A.2d 480 (R.I. 1989); Gara Realty v.Zoning Bd. of Review, 523 A.2d 855 (R.I. 1987); DeStefano v.Zoning Board of Review, 122 R.I. 241, 405 A.2d 1167 (1979)). TheViti doctrine as it has developed in the case law in Rhode Island has applied exclusively to area restrictions on permitted uses. Bamber, 591 A.2d at 1223; Gara v. Zoning Board of Reviewof South Kingston, 523 A.2d 855, 858 (R.I. 1987); Rozes v.Smith, 120 R.I. 515, 518, 388 A.2d 816, 819 (1978). The Viti
doctrine does not apply to uses which are prohibited by the Zoning Ordinance. In order to gain relief from a prohibited use, a party must seek a "true" variance. Bamber, 591 A.2d at 1223;Gara, 523 A.2d at 858.
The threshold issue before the Board is whether the defendant's attempt to retain the existing house on Lot 208 and to construct an apartment building on the remaining land in violation of § 417 required a true variance or a Viti variance. Section 417 states that "in no case shall there be more than one main residential building and its accessory building on one lot." In the instant case the defendant owns three lots containing sixteen thousand square feet of land. Individually each lot is a buildable lot in an R-3 district. However, the defendant wishes to merge all 3 lots to build an eight unit apartment building on the land. In an R-3 district an eight-unit apartment building would be allowed as a right if the land were vacant. Unfortunately, Lot 208 currently contains a house. Therefore if the defendant were allowed to proceed as planned two main residential buildings would exist on the newly created lot, a clear violation of Section 417 of the Ordinance.
Furthermore, the project for which the defendant is attempting to gain relief is clearly a prohibited use under § 417 of the Zoning Ordinance. Section 417 places definite limitations upon an individual's ability to use his or her property. Contrary to defendant's assertions, the section does not exist merely as dimensional restriction. Said section was enacted to restrict how one may use his or her property.
The record reveals that the defendant is attempting to use land which is credited fully to an existing use and to now count that land as vacant for the purpose of satisfying the minimum square footage requirements necessary to construct an apartment building under the Ordinance. Such a use of land is creative but not permissible pursuant to the Ordinance. The existing house on Lot 208 already is allotted 6000 square feet of land. One cannot now count that same exact land as vacant for the purpose of satisfying another section of the Zoning Ordinance. To allow an individual landowner to use his or her land in such a manner would render zoning ineffective and for all intensive purposes worthless. It simply defies logic to suggest that the same parcel of land may be counted twice for two distinct zoning uses.
In a Pennsylvania case, Appeal of John J. BatemanAssociates, 396 A.2d 72 (Pa. Commwlth. 1979), the Court addressed a similar issue. In Bateman a landowner attempted to satisfy the square footage requirements for the construction of a retail store complex by including land which had previously been counted to satisfy the square footage requirements for an apartment complex. Id. at 74. While answering the question of whether the land could be counted twice for two different uses the Court stated that
 "to recognize that question is to answer it. We hold it is axiomatic that land area once counted for the purpose of meeting a particular type of area requirement, cannot be counted a second time for the purpose of meeting the same type of requirement with respect to other development. Id."
This is exactly what the Providence Zoning Board allowed to occur. The record demonstrates that Mr. O'Brien is taking land which has been fully credited to satisfy the area requirements for the existing dwelling and is now using the same exact land to satisfy the area requirements for an apartment building. The Board's granting of the variance is in excess of their authority and is affected by error of law.
Furthermore, § 413 of the applicable Zoning Ordinance provides that no required yard or other open space around an existing building or which is hereafter provided around any building for the purpose of complying with the provisions of this Ordinance shall be considered as providing a yard or open space for any other building; nor shall any yard or other required open space be considered as providing yard or open space on a lot whereon a building is to be erected. This section clearly contemplates that the same yard shall not be used for two separate dwellings. If the project were allowed to continue, Mr. O'Brien would be in violation of this Ordinance. The Zoning Board failed to address it both at the hearing and in their decision. The Ordinance prohibits the counting of a lot as vacant when a structure exists on it.
After review of the record, this Court finds that the decision of the Providence Zoning Board is affected by error of law. The placement of two principal residential buildings on a lot is clearly a prohibited use. As a result, relief would only be properly granted under the undue hardship standard of "true" variance, not under their relaxed standard of the Viti
variance. This standard has been defined many times by our Supreme Court as "a deprivation of all beneficial use of one's land." Rhode Island Hosp. Trust Nat'l Bank v. Providence ZoningBd. of Review, 444 A.2d 862, 864 (R.I. 1982). This Court is mindful that our Supreme Court has held that "[T]he powers of board of review to grant pursuant to the provisions of G.L. 1956, 45-24-19(c), are designed to provide a landowner with a means of having his property relieved from the terms of an ordinance . . . ." "[T]hey are not intended as a method of sanctioning conditions which do not conform for the reason that such conditions were brought about by the landowner. . . ." Slawson v. Zoning Boardof Review of the Town of Barrington, 102 R.I. 493, 232 A.2d 362, 364 (1967).
Applying this standard to the current case, it is clear from the record that the defendant failed to satisfy the requirements for a true variance. If the defendant were prevented from erecting his proposed apartment building, he would still retain the existing house on Lot 208. That house has been a beneficial use for many years. Additionally, the defendant may knock down the existing house and construct the eight-unit apartment building. Further, nothing would preclude the defendant from using the remaining two vacant lots to construct an apartment building in conformity with the Ordinance. Therefore, the Board had ample evidence before it that the defendant had not been deprived of all beneficial use of his property and would not be entitled to a true variance.
After review, this Court finds that the decision of the Zoning Board was affected by errors of law. For the reasons stated herein, the decision of the Zoning Board of Review of the City of Providence must be and hereby is reversed.
[1] The Viti doctrine was first announced in the case of Vitiv. Zoning Board of Review of Providence, 92 R.I. 59,166 A.2d 211 (1960). The doctrine has since been expanded in numerous cases and acknowledged in the recent zoning enabling act. The primary purpose of the Viti doctrine is to allow the granting of variance where the relief sought is from a dimensional restriction rather than from a permitted use.