DECISION
This is an appeal from a June 1, 1994 decision of the Westerly Zoning Board of Review (Board). The appellant seeks reversal of the Board's decision to uphold the Zoning Inspector's approval of a site plan development for a motel and retail buildings located at 44 Bay Street in the Watch Hill section of Westerly. Rhode Island. Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69.
FACTS/TRAVEL
In March 1986, Peter Catalano, individually, purchased real estate located at 44 Bay Street in Westerly, Rhode Island, specifically referred to as Plat 185, Lot 1. Mr. Catalano is also one of the two directors in and Secretary of WHI, Inc., a corporation that owns the Watch Hill Inn. The Watch Hill Inn, located on what is specifically referred to as Plat 179 Lot 101 is adjacent to the 44 Bay Street property. On August 26, 1993, the zoning inspector approved a site plan for the development of a 22 unit motel, along with two retail buildings on 44 Bay Street pursuant to the Westerly Zoning Ordinance. On December 13, 1993, the Watch Hill Fire District (WHFD), a neighboring landowner, wrote a letter appealing the decision of the Zoning Inspector.
In the spring of 1986, WHI, Inc. applied for and received a building permit from the town of Westerly for an improvement and addition to the Watch Hill Inn. The building inspector submitted the building permit applications to the Zoning Inspector for certification that the plans were in conformance with the Zoning Ordinance. Jane Barber, the zoning inspector at the time of issuance, reviewed and approved the plans. She testified that the applications for the building permits included a parking plan indicating that off-street parking for the renovated Inn would be provided on the adjoining lot, specifically referred to as plat 185, Lot 1. (Tr. at 30-32.) No changes were required at the time of issuance since the Zoning Inspector found the plans to be in compliance with all of the applicable zoning ordinances. Id. No appeal of the issuance of this building permit was taken.
In April 1988, Pete Catalano, individually, applied for and received a building permit to construct a stairway for pedestrian traffic between 44 Bay Street and the Watch Hill Inn. In addition, vehicular access between 44 Bay Street and the Watch Hill Inn was developed. At this time 44 Bay Street was operated as a commercial parking lot that was licensed by the town of Westerly to WHI, Inc.
On April 6, 1994 at a properly advertised, scheduled hearing, the Westerly Zoning Board of Review heard testimony concerning WHFD's appeal of the August 26, 1993 decision of the Zoning Inspector, who had approved the plans for the proposed building on 44 Bay Street. The issue presented by WHFD at the hearing was whether the approved plans were in compliance with the parking provision of the Westerly Zoning Ordinance. The Zoning Board requested that the WHFD provide a more detailed statement concerning the basis for its appeal. On April 28, 1994, WHFD responded with a letter that stated the issue was whether the 89 off-street parking spaces shown on the site plan were sufficient to comply with site plans. See April 28, 1994 Letter to the Westerly Zoning Board.
The applicants challenged the timeliness of WHFD's appeal of the Zoning Inspector's approval of the site plan. The Board reserved judgment on 44 Bay Street's motion to dismiss for lack of timeliness and heard testimony concerning the merits of the appeal. (Tr. at 11.) The Board heard testimony from Robert Brockman, the moderator of the WHFD, who was authorized to represent the WHFD in zoning matters. Mr. Brockman responded to preliminary questions concerning the timeliness of the appeal, as well as questions about the number of parking spaces required on the proposed plan. The Board also heard testimony from Jane Barber, a former Zoning Inspector for the town of Westerly, who testified about her review of WHI's 1986 application for a building permit. She stated that if off-street parking had not been provided in the application she would not have approved the renovation and expansion of the Inn. (Tr. at 30-32.) In addition, the Board also heard from Raymond F. Cherenzia, an engineer who testified on behalf of 44 Bay Street. He testified concerning his revised calculations concerning the number of parking spaces required for the proposed plan. (Tr. at 47.)
At the conclusion of the hearing, the Board reserved decision on both the issue of timeliness and the substantive appeal of the Zoning Inspector's approval of the proposed plans for 44 Bay Street. On June 1, 1994, the Board voted to deny WHFD's appeal of the Zoning Inspector's approval of the proposed site plans without issuing a decision on the timeliness of the appeal. The decision issued on June 1, 1994 made findings that the plan for the 44 Bay Street property provided sufficient parking spaces for the existing buildings, for the spaces reserved for the adjoining Sweet property, and for the proposed motel and retail development. See June 1, 1994 Decision of the Westerly Zoning Board of Review. Appellants filed a timely appeal to this Court asserting the Board's decision is not supported by substantial evidence to support the conclusion that any of the off-street parking requirements of the Watch Hill Inn need not be accounted for in the development of 44 Bay Street. The appellant further contends that there is not sufficient evidence to show that the Inn was grandfathered and did not have to meet the town's parking requirements. In addition, the appellants assert that the lots owned by Catalano and WHI have merged for zoning purposes and cannot be separated.
STANDARD OF REVIEW
The Superior Court reviews zoning board decisions pursuant to G.L. 1956 § 45-24-69 (D), which provides in pertinent part:
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law.
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence" as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (1981) (citing Apostolou, 120 R.I. at 507, 388 A.2d at 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n. Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters. AFL-CIO, Local, 1589, 119 R.I. 506, 380 A.2d 521
(1977)).
The Timeliness of WHFD's Appeal
The Westerly Zoning Ordinance provides that the Board has the authority to hear appeals "where it is alleged there is error in any order, requirement, decision, or determination made by the zoning inspector in the enforcement of this ordinance." Westerly Zoning Ordinance, Art I., § XIV (c)(1)(1962), Appendix T; Westerly Zoning Ordinance, Art. IV, § 4.2 (A), Appendix U. The Ordinance requires that such appeals be taken "within a reasonable time. . . "Id. The record reflects that the Zoning Inspector made the decision to approve the site plans on August 26, 1993. (Tr. at 10.) The record also reveals that WHFD received its first notice of the approved plans on or about November 23, 1993. (Tr. at 21.) It is well-established that an appeal period begins to run at the time the applicant is charged with knowledge of the decision that is being appealed. Zielstra v. Zoning Boardof Review, 417 A.2d 303, 308 (R.I. 1980). Thus the Board had to decide whether the appeal taken by the WHFD on December 13, 1993 was timely.
The issue of whether a zoning board can decide a tardy appeal of a building inspector's order is a question of jurisdiction which may be raised for the first time in Superior Court.Bertrand v. Zoning Board of Review of the Town of Burrillville,99 R.I. 329, 207 A.2d 604 (1965). However, in the instant matter, the issue of the timeliness of the appeal was made at the hearing level. The record is clear that the applicant's motion to dismiss the appeal on the basis that it was not timely was taken under advisement by the Board.(Tr. at 11.) It is also clear from the record that the Board decided to take testimony on the substantive appeal without deciding the motion to dismiss. Id.
Thus, the Board has not met its obligation under G.L. 1956 42-24-20 (a). The Court has repeatedly held that zoning boards should make express findings of fact and point out specific evidence upon which they base their findings. Hopf v. Board ofReview of the City of Newport, 120 R.I. 275 [102 R.I. 275], 288,230 A.2d 420, 428 (1967). Zoning boards that fail to comply with such obligations run the risk of reversal if the court is unable to find sufficient grounds for the decision. Id. at 289. Generally, this Court will not search the record to find supporting evidence for the Board's decision. Irish Partnership v. Rommel,518 A.2d 356, 359 (R.I. 1986).
In this case, the Court is able to ascertain from the record the reasons for the Board's decision. See Richards v. ZoningBoard of Review of the City of Providence, 100 R.I. 212, 220,213 A.2d 814, 818 (1965). This Court is aided by the stenographic transcript of the April 6, 1994 hearing and the transcript of the June 1, 1994 decision of the Board. To remand the case to the Board at this point in the proceeding would do little to clarify the issues and would subject the parties to even greater delay.Roger Williams College v. Gallison, 572 A.2d 61, 63.(R.I. 1990). The record reveals that the WHFD's moderator did not have knowledge of the Zoning Inspector's August 20, 1993 approval of the proposed site plan until November 21, 1993. The appeal was taken 23 days later. Thus this Court finds that the appeal of the Zoning Inspector's August 26, 1993 decision by the WHFD was timely.
Off-Street Parking Requirements
The threshold issue before this Court is whether the applicant presented to the Board the requisite number of off-street parking spaces for the proposed motel/retail space. Article I, Section VIII of the Ordinance provides,
 "Any structure or use, erected or developed after the date of passage of this Ordinance, must provide off-street parking facilities including garage in accordance with the following regulations:
 Dwellings and motels — One car space (at least 270 sq. ft.) for each dwelling unit.
 * * * *
 Retail and service business — One car space (at least 270 sq. ft.) for every eighty (80) square feet of floor space devoted to sales plus one car space for every two (2) employees." Id.
The Ordinance further provides that "plans and specifications for the required parking facility must be submitted at the time of application for the building permit for the main use." Id.
(emphasis added.) The record reveals that the proposed motel/retail space would require 62 parking spaces. (Tr. at 48.) The record also reveals that the building permit for the adjacent Watch Hill Inn was obtained under the representation that off-street parking as required by the Ordinance was being provided on the same adjoining lot. (Tr. at 54.) The proposed site plan presented 89 off-street parking spaces; however, the record reveals that at least 54 spaces of the 89 on the lot are used by the Watch Hill Inn. Consequently, the applicant needs 27 additional spaces in order to comply with the Ordinance. Thus, it is clear that the applicant is trying to use land which is credited to existing parking and to now count the same space for the purpose of satisfying the off-street parking requirements necessary to construct the proposed motel/retail space under the Ordinance. Such a use of land is not allowed pursuant to the Ordinance. See Article I, § VIII of the Westerly Zoning Ordinance. The existing parking on Plat 185, Lot 1 already has allotted at least 54 of its 89 parking spaces. One cannot now count some of those spaces for the purpose of satisfying the parking requirement of another proposed use. To allow an individual landowner to count the same parcel twice for two distinct uses would render zoning ineffective.
In a Pennsylvania case, Appeal of John J. Bateman,396 A.2d 72 (Pa. Commwlth. 1979), the Court addressed a similar issue. InBateman a landowner attempted to satisfy the square footage requirements for the construction of a retail store complex by including land which had previously been counted to satisfy the square footage requirements for an apartment complex. Id. at 74. While answering the question of whether the land could be counted twice for different uses the Court stated,
 "To recognize the question is to answer it. We hold it is axiomatic that land area once counted for the purpose of meeting a particular type of requirement. cannot be counted a second time for the purpose of meeting the same type of requirement with respect to other development." Id.
The instant record demonstrates that the applicant is taking land which has been credited to satisfy an existing off-street parking requirement and is now using the same land to satisfy another parking requirement for a different use. The Board's denial of the appeal is in excess of its authority and is affected by error of law.
Thus, after reviewing the entire record, this Court finds that June 1, 1994 decision of the Westerly Zoning Board of Review is affected by error of law and is in violation of ordinance provisions. Accordingly, the decision must be and is reversed.
Counsel shall prepare an appropriate judgment for entry.