242 A.2d 692.

Bonitati Bros., Inc. *vs.* Zoning Board of Review of the City of Woonsocket.

JUNE 12, 1968.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Joslin, J. We review on certiorari the respondent board's denial by a 4 - 1 vote of the petitioner's application for permission to construct and operate a modern gasoline automotive service station in a 6.4 Shopping Center District where such a use is allowable as an exception upon a showing that it is "* * * in harmony with the general purpose and intent of this ordinance, or where such exceptions are reasonably necessary for the convenience or welfare of the public." (Sec. 10.33 of Woonsocket Zoning Ordinance.)

The board in a cryptic decision gave two reasons for de-

nying relief.[1] One was that the road — presumably Diamond Hill Road where it was proposed that the gasoline station be established — "is hightly congested." Evidence of traffic congestion and hazards is, of course, germane to whether or not a proposed use will adversely affect the public convenience and welfare. For such evidence to be effective upon the ultimate determination, however, it should relate, not to the existence of congestion at the location of the proposed use, but to whether the traffic generated by its establishment at that site will intensify the congestion or create a hazard. *Thomson Methodist Church* v. *Zoning Board of Review*, 99 R. I. 675, 210 A.2d 138; *Center Realty Corp.* v. *Zoning Board of Review*, 96 R. I. 482, 194 A.2d 671. The board's statement that the road "is highly congested" is not, therefore, a valid predicate for a denial of the application.

The other and perhaps the principal reason for the board's decision was that there are "* * * enough gasoline service stations in the city to take care of the needs of the motorists." Lack of community need for the use proposed, however relevant it may once have been on the question of whether that use would serve the public convenience and welfare, is no longer available as a basis for denying relief. What is now controlling is whether the establishment of the proposed use will bring about conditions which are inimical to the public health, safety, welfare and morals. *Nani* v. *Zoning Board of Review*, 104 R. I. 150, 242 A.2d 403.

The board's decision antedates our decision in *Nani*. In-

---

[1] "Reason for DENIAL: The convenience and welfare of the public will not be served, will not conform with the general welfare of the community; safety, health and morale and general welfare of the community will not be served; application should not be granted as there are enough gasoline service stations in the city to take care of the needs of the motorists as there is an average of three hundred cars to each station; road is highly congested."

asmuch as the absence of a public need for the use proposed is no longer available as a valid basis for a denial and the decision rests on no other, we apply the rule of limited prospective application announced in *Nani,* and quash without prejudice.

The petition for certiorari is granted, and the decision of the respondent board is quashed without prejudice to the right of the petitioner to reapply for relief under the terms of the ordinance.

*Benedetto A. Cerilli, Charles A. Pisaturo,* for petitioner.

*M. Durkan Cannon,* Assistant City Solicitor, for respondent.