[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on appeal by Edward Sacks (hereinafter the "petitioner") pursuant to Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20. The petitioner now appeals a decision of the Town of Lincoln Zoning Board of Review (hereinafter the "Board") denying petitioner's application for a variance or special exception from the zoning ordinance.
TRAVEL AND FACTS
The petitioner filed an application for a special exception with the Board on March 11, 1991. The property in question is located at 25 Higginson Avenue, in the Town of Lincoln, and is designated as Assessors' Plat Number 6, Lot Number 424. The petitioner's proposed use of the premises is a miniature golf course, with the dimensions to be 100' x 100'. The land is zoned BL-5, which under the Town of Lincoln Zoning Ordinance, is defined as limited business. Recreational uses designated as "Other Commercial Recreation" are permitted uses in a BL-5 zone. A golf course is not a permitted use in this zone. (Article II, Section 3, Subsection 3). A miniature golf course is not specifically delineated within the zoning ordinance. The petitioner presently operates a bowling center at 25 Higginson Avenue.
A scheduled hearing was held on April 2, 1991. At this meeting, petitioner testified as to his intention to develop an area one hundred feet by one hundred feet in the rear parking lot area of the bowling center, to be fenced off with posts and rail fence. The petitioner seeks to put in this 10,000 square foot area a plywood eighteen hole miniature golf course. (Tr. p. 3). In addition to the petitioner's testimony, the Board heard testimony from several neighboring lot owners opposed to the construction of the miniature golf course.
After this hearing, the Board submitted a letter, dated April 6, 1991, denying the petitioner's application. In this letter, the Board stated:
 It was the consensus of the Board that your request is not allowed by the Zoning Ordinance and testimony from the neighbors indicates that it would create further nuisance than already exists from the bowling alley and is not compatible with the neighboring land.
The petitioner filed the instant appeal on April 19, 1991.
When considering an appeal from a zoning board's decision, this Court is bound to the standard of review set forth in Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20(d).
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision, the Superior Court must scrutinize the record as a whole to determine whether the findings of the zoning board are reasonable. Apostolou v.Genovesi, 388 A.2d 821, 825 (R.I. 1978). The Board's decision is reasonable if supported by substantial evidence presented in the whole record. Id. Our Supreme Court has relied upon the definition of substantial evidence as more than a scintilla but less than a preponderance, and also such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Id.
The petitioner contends that the Board abused its discretion when it concluded that the petitioner's application to build a miniature golf facility in a BL-5 zone should be denied. This abuse of discretion is based upon the Board's characterization of the miniature golf facility as a "Golf Course," which, pursuant to Article II, Section 3, Subsection 3 of the Zoning Ordinance, is neither a permitted use, nor available by special exception in a BL-5 zone. The petitioner further contends that the miniature golf facility should be categorized as "Other Commercial Recreation," which is clearly a permitted use pursuant to Article II, Section 3, subsection 5 of the Zoning Ordinance.
The game of golf has been defined as one played on a large outdoor course with a series of 9 or 18 holes placed far apart, the object being to propel a small ball with the use of various clubs into each hole with as few strokes as possible. TheAmerican Heritage Dictionary 566 (2nd College Ed. 1982). A golf course is not subject to precise definition, yet there is no doubt that it contemplates a comparatively large unobstructed acreage involving enough room over which to walk or ride, point to point, over a generally prescribed course, and to strive to send a ball long distances with variable accuracy all without unreasonably endangering other players or intruding upon them.Amberley Swim and Country Club v. Zoning Board of Appeals ofAmberley Village, 191 N.E.2d 364, 366 (Ohio 1963).
A miniature golf course is clearly distinguishable from the generally accepted definition of a golf course. The game of miniature golf has been defined as a simplified version of golf played on a miniature course. The American Heritage Dictionary
799 (2nd College Ed. 1982). The proposed miniature golf course will measure 100' x 100', or 10,000 square feet. (Tr. p. 3). The size of the proposed course is clearly inconsistent with the accepted definition of "Golf Course" with respect to size of the course, distance between holes, unobstructed acreage, large water hazards, and with the ability to ride over the expanse of the course. Other courts have logically construed a miniature golf course as being a playground, Drennan v. Mason, 222 Ala. 652,133 So. 689 (1931), and not as an amusement park. Id. at 654. A miniature golf course situated at 25 Higginson Avenue in the Town of Lincoln could not be considered a golf course. The proposed use clearly warrants classification as "Other Commercial Recreation." (Article II, Section 3, Subsection 5).
The application for special exception was filed by petitioner at the behest of the Building Inspector for the Town of Lincoln. (Tr. p. 1). As a condition precedent to the grant of a special exception, an applicant must establish that the relief sought is reasonably necessary for the convenience and welfare of the public. Toohey v. Kilday, 415 A.2d 732, 735 (R.I. 1980). To satisfy this standard the applicant need show only that neither the proposed use nor its location on the site would have a detrimental effect upon public health, safety, welfare and morals. Id. at 736. An examination of the record reveals that the petitioner has filed an application for special exception involving a use for which no petition to the zoning board is necessary. Pursuant to the zoning ordinance, (Article II, Section 3, Subsection 5) any use characterized as "Other Commercial Recreation" is a permitted use in a BL-5 zone, as is the zone where 25 Higginson Avenue is situated. A zoning board of review may not deny granting of a special exception to a permitted use on the ground that the applicant has failed to prove that there is a community need for its establishment. Id. at 735.
The Board's decision states that the neighbor's testimony shows that a miniature golf facility at the proposed location would cause further nuisance than already created by the bowling alley. Our Supreme Court has stated that evidence of such factors as traffic congestion and hazards is germane to whether or not a proposed use will adversely affect the public convenience and welfare. Bonitati Bros. Inc. v. Zoning Board of Review,242 A.2d 692, 693 (R.I. 1968). However, for such evidence to affect the ultimate determination, it should not merely relate to the existence of congestion, but to whether the traffic generated by the use will intensify the congestion and create a hazard. Id.
Evidence of mere creation or continuation of a nuisance does not rise to the standard set forth in Bonitati. As evidenced by the record, the town and neighbors have not produced evidence to show that the proposed use will intensify congestion and create a hazard; they have merely stated that there will exist further nuisance. The Rhode Island Supreme Court has further emphasized its view in Toohey v. Kilday that the lay judgments of neighboring property owners on the issue of the effect of the proposed use on neighborhood property values and traffic conditions have no probative force in respect of an application to the zoning board of review for a special exception. Toohey,
at 737.
By no stretch of the imagination can one conclude that the facility upon which one plays the game of miniature golf is categorically the same facility as that of a "Golf Course." A 100' x 100' fenced-in area containing miniature tees and holes such as the petitioner has described, has all the earmarks of "Other Commercial Recreation." After review of the entire record, this Court finds that the Board's characterization of the facility as a "Golf Course" was a manifest error of law and clearly constitutes an abuse of discretion. For the reasons above set forth, the April 6, 1991 decision of the Zoning Board of Review of the Town of Lincoln is hereby reversed.
Counsel shall submit the appropriate order for entry.