DECISION
Before this Court is an appeal from a decision of the Town of Richmond Zoning Board of Review (Board) denying Bess Eaton Donut Flour Company, Inc.'s (appellant) request for a special use permit for the inclusion of a drive-thru window along with construction of a bake shop. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
The appellant filed an application for a special use permit with the Board on December 30, 1998. The special use permit request was for the inclusion of a drive-thru window on property that the appellant intended to construct a coffee and bake shop. The property is located on Route 138, Kingstown Road, in Richmond. The property is further identified as Plat 6E, Lots 4 and 6 and is zoned "neighborhood business".
At a public hearing on March 22, 1999, the Board heard testimony from two experts presented by the appellant, from the owner of the company that drew up the plans for the bake shop, from the Director of Operation for Bess Eaton, and from several neighboring remonstrants.
The Board accepted Michael Lenihan, Esquire, a certified real estate appraiser, as an expert. Mr. Lenihan testified that he visited the proposed site and reviewed the plans presented to the Board. He further testified that the surrounding area contained a small shopping center, a closed restaurant an airport, and a residential home. He testified that the drive-thru facility would have no impact at this site. (Tr. at 10). He also testified that the use would be compatible with the surrounding neighborhood and would not adversely affect the neighborhood. Id.
The Board also accepted Francis J. Perry, an independent traffic engineer, as an expert. Mr. Perry testified that he obtained traffic counts from the Department of Transportation and that he visited the site and observed the traffic volume. He also obtained accident information of the area from the Richmond Police Department.
Mr. Perry also had input into the design of the traffic flow for the drive-thru window. He testified that a truck-turnaround is included in the parking lot design in order for trucks to avoid being trapped in the lot. Mr. Perry also testified that the drive-thru window would have "very little impact, if any" on the traffic on Route 138. (Tr. at 22).
Tyrel Rhodes, owner of Arm Engineering and a principal designer of the bake shop and drive-thru layout, testified that there is no drainage problem at the site and that 100 percent of any water on the site will be contained so that no water will run-off into Beaver River. Mr. Rhodes testified that a large landscaping plan is included in the design. For example, he stated that six to eight foot trees are to be planted along the west side of the site, a buffer is to be created in the back of the building, the front will be completely landscaped, and small shrubs will be installed on top of the drainage units. Mr. Rhodes continued that there would be no need for variances for water quality or for the proposed ISDS system, and that he foresees no environmental problems with the site (Tr. at 37).
Frank Servidio, Director of Operation for Bess Eaton Donut and Flour Company, next testified regarding the concept of this particular site. Mr. Servidio testified that he was instrumental in the design and layout of this store. He stated that the intent of the company is to have the community involved and create a warm, inviting environment. He stated that this will be accomplished by having bake ovens on site and by having the drive-thru manned by a person, not a speaker box. He further states that the concept for this store is to bring more customers inside. He testified that two other Bess Eaton stores with the same concept, one in Dunn's River and one in North Kingstown, have a customer base of 45 percent who come inside to shop versus 20 percent inside for shops not using the new concept.
Nine neighborhood residents spoke against the drive-thru. The neighbors primary concerns were with the potential for increased traffic, the litter, and the belief that a drive-thru window was incompatible with neighborhood.
Two of the nine neighborhood residents referred to a traffic accident that occurred on Route 138 that damaged their mailboxes and that they believed was not included in the statistics provided by the appellants traffic engineer expert.
The Board, without making any findings, voted 4-1 to deny the request for a special use permit for the drive-thru. Of the four members who voted against the drive-thru, one stated that his basis was that it was not necessary and that he had safety concerns with the traffic; and the remaining three stated that the drive-thru would be inconsistent with the Comprehensive Master Plan and incompatible with the neighborhood.
On appeal, the appellant argues that the Board erroneously determined that a drive-thru did not meet the definition of neighborhood business, failed to make findings of fact, and impermissibly considered whether there was a need for a drive-thru at the site. The appellee responds that the Board's familiarity with the area surrounding the location of the proposed drive-thru supports the Board's conclusion that the drive-thru would be incompatible with the neighborhood.
 Standard of Review
This court possesses appellate review jurisdiction of a zoning board of review decision pursuant to (G.L. § 45-24-69(D):
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
In reviewing the action of a zoning board of review, the trial justice "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings."Toohey v. Kilday, 415 A.2d 732, 735 (R.I. 1980) (citing DeStefanov. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245,405 A.2d 1167, 1170 (1979); Apostolou v. Genovesi, 120 R.I. 501, 504,388 A.2d 821, 824-25 (1978)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." Apostolou
at 825. Moreover, this court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the court "conscientiously finds" that the decision is supported by substantial evidence contained in the record, Mendonsa v. Corey,495 A.2d 257 (R.I. 1985) (citations omitted).
 Special Use Permits
The appellant argues that the Board exceeded its authority in ruling that a drive-thru would be incompatible with the surrounding neighborhood in a neighborhood business district and that there was insufficient evidence in the record to demonstrate that the drive-thru would cause traffic congestion or a hazard. The appellee responds that each Board member articulated their findings and did not conclude that a drive-thru would always be incompatible in a neighborhood business district, and that the Board relied upon its own expertise regarding traffic concerns.
The subject property is located in a "neighborhood business" district. A neighborhood business district is defined as being "established to provide areas for small scale retailing and personal service activities, primarily intended to serve the day-to-day needs of persons living nearby. . . ." Town of Richmond Zoning Ordinances § 18.12.020 (1994) (emphasis added). Retail bakeries that are nonmanufacturing are a permitted used in this district § 18.16.010. Drive-thru windows are allowed by special use permit where the Board determines that such a special use is permitted and that the special use will be compatible with neighboring uses, will be consistent with the purposes of the comprehensive plan, will be compatible with the orderly development of the town, and will be environmentally compatible with neighboring properties. § 18.52.010 (C). Where the town zoning ordinance specifically provides for a use by special permit, the Rhode Island Supreme Court has held that the town has implicitly legislated "that the use is harmonious with the other uses permitted in that district, and is not to be excluded unless the standards for a special exception are not satisfied with respect to its establishment at a particular location." Perron v.Zoning Bd. of Review of the Town of Burrillville, 117 R.I. 571, 574, 369 A.2d 638, 641 (1977).
The Rhode Island Supreme Court has consistently stated that "[a] zoning board should state the reasons or grounds on which it bases its ultimate decision, and not mere conclusions and generalities. . . ." Health Havens, Inc. v. Zoning Bd. of Review,101 R.I. 258, 261, 221 A.2d 794, 797 (1966). In Toohey v. Kilday, the court upheld the trial justice's finding that the zoning review board improperly denied a special use permit due to inadequate evidence in the record, 415 A.2d 732, 737 (1980). InToohey, the zoning board heard testimony from the applicant and from a real estate expert that the petition would not be detrimental to the surrounding properties and that the proposed use would not be adverse to the public health, safety, morals, or welfare. Id., at 736. The board also heard from several neighboring property owners who spoke against the granting of the petition. The board, stating that it was "well familiar with the area in question and knows of its character", denied the special exception. Id. While recognizing that a zoning board may consider probative factors within its knowledge in denying relief, the court found that conclusory statements, such as those given by the board in Toohey, were an insufficient basis to deny a special use permit. Id. at 737. The court also found that while traffic congestion is germane as to whether or not a proposed use would adversely affect the public convenience and welfare, the evidence must relate to whether the traffic generated by the proposed use will intensify the congestion or create a hazard. Bonitati Bros.v. Zoning Bd. of Review of Woonsocket, 104 R.I. 170, 171,242 A.2d 692, 693 (1968).
The court has held that testimony by nonexpert witnesses are lay judgments lacking in expertise and therefore, without probative force. Goldstein v. Bd. of Review of City of Warwick,101 R.I. 728, 227 A.2d 195 (1967). In Perron, the court held that the trial justice incorrectly upheld the board's denial of a special use permit based on fears of neighbors concerning possible adverse results if the requested permit were granted.Perron, 369 A.2d at 641.
In the case at bar, the applicant presented two experts who, after reviewing the site and performing analysis on traffic and accidents in the area, testified that the drive-thru would be compatible with the surrounding area, which is zoned neighborhood business, farming, and light industrial. Both experts further testified that the drive-thru would have no measurable, adverse impact, if' any, on traffic in the area. (Tr. at 9-10, 22). Although neighboring residents expressed concerns about the impact the drive-thru would have on traffic, no probative evidence was elicited concerning a negative impact.
During deliberations, two Board members did state that they were familiar with the area and that they believed the drive-thru would cause an increase in traffic. However, these are exactly the kind of conclusory statements that our Supreme Court has rejected as not being substantial evidence sufficient to deny a request for a special use permit. See Health Havens, Toohey, andBonitati, supra.
In addition, members repeatedly stated that a drive-thru window would be incompatible as a neighborhood business district is supposed to serve the community and not transients. (Tr. at 89. 96). However, the ordinance clearly states that it is the primary purpose of a use in a neighborhood business district to serve persons living nearby. The ordinance does not require that it be the only purpose. Undisputed testimony by witnesses for the applicant explained that the nature and concept for the store is to create an environment where customers would prefer to come inside the store. (Tr. at 22, 40-43).
As there was no other evidence presented, this court finds that there was insufficient competent evidence in the record to support the Board's denial of the special use permit based on incompatibility with the surrounding neighborhood or based on the threat of traffic congestion.
Next, the appellant argues that the Board improperly considered whether there was a need for a drive-thru in the area. The appellee responds that there is no evidence that the Board's decision was based on whether there was a need for drive-thru in the area.
A zoning board may not deny granting a special exception to a permitted use on the ground that the applicant has failed to prove that there is a community need. Bonitati at 171.
In the present case, a review of the discussion and vote by the Board indicates that while two members did not voice whether their decision was based on community need, at least two members who voted against the special use permit clearly considered whether there was a community need for a drive-thru at this site. For example, Board Member Fanguillo stated that "while a drive-through window would be desirable, it is not altogether necessary for a neighborhood business to exist; and because of that, I didn't feel it was also compatible with the Comprehensive Plan". (Tr. at 94). During the Board's discussion, Member Angell also questioned "[w]hat is the big need for the drive-through window?", (Tr. at 87).
This court finds that the Board's decision was, in part, improperly based upon whether there was a community need for a drive-thru window at this particular site.
In addition, the Board failed to make any findings of fact to support its decision. While this court, after a. careful review of a certified record of the proceedings and decision process, finds insufficient competent evidence to support the Board's findings, the Board is reminded that in order to properly review its decision, findings of facts and conclusions must be included in its decision. G.L. § 45-24-61 (A).
 Conclusion
After review of the entire record, this court finds that the decision by the Board to deny a special use permit is not supported by substantial evidence in the record and was therefore, arbitrary and capricious. The court further finds that substantial rights of the appellant have been prejudiced. The matter is remanded to the Board for issuance of the requested special use permit.
Counsel shall submit the appropriate order for entry.