DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review of the Town of West Warwick (the "Board") brought by Paul Cunha, Elena Cunha, Michael Cunha, and Karolye White (collectively "Appellants"). Appellants seek reversal of the Board's decision to deny their application for a special use permit to construct a four-unit, multi-family dwelling. This Court initially remanded this matter to the Board, finding that its written decision was inadequate for purposes of review.[1] The Board has since issued a new decision and the Court will now address the merits of the appeal. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
Although a recitation of the facts of this case can be found inCunha v. Zoning Bd. of Review, No. 06-0669, January 30, 2007, Thompson, J., this Court will briefly recount the main events which are germane to this appeal. Appellants are the owners of a piece of real estate located at 39 Arthur Street in West Warwick, Rhode Island, also designated as Assessor's Plat 8, Lots 114 and 115 (the "Property"). The Property, which is situated in the R-7.5 zoning district, contains a vacant and boarded-up two-family *Page 2 
home. Appellants seek a special use permit to construct a four-unit, multi-family dwelling on the Property. A multi-family dwelling is permitted by way of a special use permit in the R-7.5 district, pursuant to § 5.3(A)(3) of the Zoning Ordinance of the Town of West Warwick (the "Ordinance").
On April 18, 2006, Appellants submitted their application for a special use permit to the Board. Subsequently, Appellants met with the West Warwick Planning Board (the "Planning Board"). On June 8, 2006, the Planning Board issued an advisory recommendation to the Board, in which it recommended approval of Appellants' application with the stipulation that the Board consider whether parking would be more appropriately sited in the rear of the building.[2]
Thereafter, on June 28, 2006, the Board held a public hearing on Appellants' application. At the hearing, Appellants presented four expert witnesses. First, Joseph Lombardo, an expert in land use and planning, testified that Appellants' proposal complied with the requirements of both the West Warwick Comprehensive Plan (the "Comprehensive Plan") and the Ordinance. After that, Wilbert L. Luetschwager, a real estate expert, testified that the proposed structure would be consistent with the neighboring area and that it would have a positive impact on the property values in the area. The next witness to offer testimony was Mohamed Freij, an expert in civil engineering. Mr. Freij explained the site plan as well as issues relating to parking and drainage. The final expert witness offered was James Salem who testified on issues relating to traffic and parking. Afterward, four neighboring property owners appeared to voice their objections to Appellants' application. *Page 3 
At the conclusion of the hearing, the Board unanimously voted to deny Appellants' application for a special use permit. On July 5, 2006, the Board issued a written decision denying Appellants' petition. Appellants timely appealed the Board's decision to this Court. In a written decision issued on January 30, 2007, this Court remanded the matter back to the Board. On remand, this Court requested that the Board make the requisite findings and conclusions or additionally conduct further proceedings. On March 28, 2007, the Board met pursuant to order of this Court. The Board was instructed by its attorney that its original decision had to be supplemented and thereafter a new decision was read into the record. There was no additional testimony or public comment introduced at this hearing. The Board then submitted its revised decision to the Court. Additionally, both parties submitted revised memoranda. As this Court now has a complete record before it, it will at this time address the merits of the appeal.
 Standard of Review
The Superior Court's review of the decision of a zoning board is pursuant to § 45-24-69. Section 45-24-69 states:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or *Page 4 
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Sec. § 45-24-69(d).
Thus, judicial review of a board's decision is not de novo. Rather, the Superior Court is required to review the board's decision utilizing the "`traditional judicial' review standard that is applied in administrative-agency actions." Munroe v. Town of E. Greenwich,733 A.2d 703, 705 (R.I. 1999) (quoting Kirby v. Planning Board of Review ofMiddletown, 634 A.2d 285, 290 (R.I. 1993)). As such, "the Superior Court does not consider the credibility of witnesses, weigh the evidence, or make its own findings of fact." Id.
In deciding an administrative appeal, "[i]t is the function of the Superior Court to `examine the entire record to determine whether `substantial' evidence exists to support the board's findings.`"Mill Realty Assocs. v. Crowe, 841 A.2d 668, 672 (R.I. 2004) (quotingDe Stefano v. Zoning Bd. of Review, 122 R.I. 241, 245, 405 A.2d 1167,1170 (1979)). Substantial evidence is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance."Lischio v. Zoning Board of Review of the Town of North Kingstown,818 A.2d 685, 690, n. 5 (R.I. 2003) (quoting Caswell v. George Sherman Sand Gravel Co., 424 A.2d 646, 647 (R.I. 1981)).
In support of their appeal, Appellants maintain that the Board's decision is in direct contravention to the substantial and un-contradicted expert testimony offered at the hearing. Additionally, Appellants argue that the Board was clearly erroneous in finding that their proposal did not meet the requirements of the Ordinance and that it was not compatible with neighboring land uses. Consequently, Appellants allege that the Board's *Page 5 
decision was affected by both error of law and bias. The Board, however, contends that its decision was supported by the testimony and evidence presented as well as the recommendation of the Planning Board and its personal knowledge of the area. The Board maintains that Appellants have failed to establish the necessary standards that would entitle them to a special use permit.
 Analysis
In order to grant a special use permit in West Warwick, the Board requires evidence on the record to show that:
 "The special use permit shall:
 Be compatible with neighboring land uses;
 Not create a nuisance in the neighborhood;
 Not hinder the future development of the town;
 Conform to all applicable sections of this ordinance; and Be in conformance with the purposes and intent of the West Warwick comprehensive plan and applicable standards of this ordinance." See West Warwick Zoning Ordinance § 10.2.1-10.2.2.5 (internal numbering omitted).
In its revised decision, the Board found that Appellants had not satisfied any of the necessary standards for a special use permit. In light of the expert testimony and the favorable recommendation of the Planning Board, this Court finds that there was not substantial evidence on the record to support the Board's decision. This Court will address sequentially the Board's findings with respect to each of the above requirements.
In its revised decision, the Board first found that Appellants had failed to establish that the proposed use was compatible with the neighboring land uses. The Court finds this holding to be inconsistent with the weight of the evidence on the record, specifically the expert testimony offered by Appellants. First, the Board heard testimony from Mr. Lombardo who testified that there are a variety of residential uses in the vicinity of the *Page 6 
Property, which include not only single-family homes but also multi-family uses. Additionally, Mr. Luetschwager, Appellants' real estate expert, testified that there was a four-family home that abutted the subject Property. He further testified to the existence of another two-family dwelling in the immediate area. Finally, Mr. Freij also stated to the Board that there were multi-family units located to the north of the Property. In light of the evidence that there is a four-unit multi-family dwelling that actually abuts the Property as well as other multi-family dwellings in the vicinity, this Court does not believe that the Board's finding of non-compatibility was based upon "substantial" evidence on the record. See Mill Realty Assocs. v.Crowe, 841 A.2d at 672. Thus, this Court holds that the Board's finding that the proposed use was not compatible with neighboring land uses was "clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record." Sec. 45-24-69(d)(5).
The next finding, which was made by the Board in its revised decision related to the issue of nuisance. Specifically, the Board found that "[t]he applicant has failed to establish that the proposed use will not create a nuisance in the neighborhood." See Z. Bd. Decision dated April 5, 2007. Within this finding, the Board focused exclusively on issues relating to traffic and parking. With respect to the issue of traffic, the Board expressed concern with the testimony of Appellants' traffic engineer, Mr. Salem. The Board did acknowledge Mr. Salem's testimony that the proposed project would not reduce the levels of service on Arthur Street, on which the Property is located. Nonetheless, the Board took issue with the fact that Mr. Salem did not opine on whether the current levels of traffic on Arthur Street were satisfactory. As a result, in its decision the Board expressed its opinion that a presently bad situation would be made worse. *Page 7 
However, no testimony was offered at the hearing to indicate that traffic on Arthur Street was currently unsatisfactory. Moreover, no Board member spoke about or testified to the current levels of traffic on Arthur Street. It is certainly true that a "board may consider probative factors within its knowledge in denying the relief sought."Toohey v. Kilday, 415 A.2d 732, 737 (R.I. 1980). However, the board must disclose such information on the record. In this instant, if the Board "relied upon its own knowledge of the area in question, the record fails to reveal the particular evidence upon which the board relied."Salve Regina College v. Zoning Bd. of Review, 594 A.2d 878, 882 (R.I. 1991). Thus, the testimonial evidence relating to traffic offers no support for the Board's finding that the proposed use would create a nuisance.
Moreover, our Supreme Court has repeatedly held that in order for evidence of traffic congestion and hazard to be relevant to a board's ultimate determination, "it should relate, not to the existence of congestion at the location of the proposed use, but to whether the traffic generated by its establishment at that site will intensify the congestion or create a hazard." Bonitati Bros. v. Zoning Bd. ofReview, 104 R.I. 170, 171, 242 A.2d 692, 693 (1968); see also Toohey v.Kilday, 415 A.2d at 737. In this instant, the only testimony that the Board received on this issue was from Mr. Salem who testified that the proposed project and any resultant traffic would not create a nuisance in the neighborhood. As such, the Board acted in error when it included in its decision findings relating to the current level of traffic near the Property. Moreover, the Board failed to memorialize on the record any personal knowledge that any Board member may have relied upon in assessing the possible impact of traffic. *Page 8 
In determining that the proposed use would create a nuisance, the Board also considered the proposed parking. The Board found that "[t]he proposal establishes a parking space for each unit." See Z. Bd. Decision dated April 5, 2007 (emphasis added). The Board also stated that "[t]he applicant provided no evidence of the ability of the area to handle parking for guests of the unit owners without creating a nuisance in the area." Id. Based upon a review of the record, it is unclear upon what substantive facts the Board's conclusions with respect to parking were based.
The Board found that Appellants' proposal only called for one parking space per unit. However, the site plans submitted by Appellants to the Board clearly indicate that there are two parking spaces designated for each unit. In addition, the site plan specifies two proposed guest parking spots. As a result, there are a total of ten parking spots or 2.5 per unit. This exceeds the requirements of the Ordinance, which calls for two parking spaces per unit in a multi-family dwelling.See West Warwick Zoning Ordinance § 5.9.10.7. This Court is satisfied that the parking requirements of the Ordinance were so designed to avoid the creation of a nuisance and thus, it is significant that Appellants have exceeded the Ordinance's requirements.
Moreover, as stated above, Appellants' traffic expert testified that the proposed condominium and its traffic pattern would not create a nuisance. Notably, the only testimony offered to support the proposition that parking would create a nuisance was offered by the family member of a neighboring property owner. Speaking on his family member's behalf, he stated that he felt the parking area would be "ugly" and a "nuisance." However, it is well-settled in our jurisdiction that the lay judgments of neighboring property owners do not have probative force with respect to issues that are *Page 9 
only appropriately testified to by experts. See Salve Regina College v.Zoning Bd. of Review, 594 A.2d at 882; see also Toohey v. Kilday,415 A.2d at 737. As such, there was not sufficient evidence on the record to support the Board's holding with respect to this issue.
In its revised decision, the Board next found that "[t]he applicant has failed to establish that the proposed use will not hinder the future development of the town." See Z. Bd. Decision dated April 5, 2007. However, in its original written decision, the Board found that the proposed use "will not hinder the future development of the town."See Z. Bd. Decision dated July 5, 2006 (emphasis added). Thus, the Board reversed its own original finding without hearing any additional evidence or testimony. Additionally, the only testimony before the Board on this issue was from Appellants' experts, Mr. Lombardo and Mr. Leutschwager. Both experts testified that the proposed use would not hinder future development and that it was in conformity with the town's land use pattern. Hence, this Court finds that the Board's revised finding on the issue of future development is arbitrary and capricious and characterized by an abuse of discretion. See § 45-24-69(d)(6).
The Board's final finding of its revised decision related to the project's compliance with the Ordinance and the Comprehensive Plan. The Board found that "[t]he applicant has failed to establish that the proposed use conforms to all applicable sections of this ordinance or that it is in conformance with the purpose and intent of the West Warwick Comprehensive Plans and applicable standards of this ordinance."See Z. Bd. Decision dated April 5, 2007. As it related to the project's compliance with the Ordinance, the Board found that Appellants' plans failed to meet the requirements for *Page 10 
first-floor square footage, front set-backs and the five-foot sidewalk width requirement. Additionally, the Board found that the submitted plans did not meet the standards for parking aisle width and parking stall depth. Based upon a review of the entire record, this Court cannot find sufficient evidence to support such findings.
At the hearing before the Board, Appellants introduced a substantial amount of expert testimony, which demonstrated that the proposed dwelling was in complete compliance with the Ordinance's requirements. Specifically, Appellants' experts testified that the proposed dwelling met the Ordinance's minimum requirements for floor area. Despite the extensive expert testimony, the Board expressed concern that the proposed square footage of the first floor did not meet the Ordinance's requirements for minimum residential floor area. In particular, the Board found that the proposed plan violated § 5.5.2, which requires "[o]ne thousand square feet on two floors in a detached single-familytwo-or more story structure with a minimum of 600 square feet on the first floor." See West Warwick Zoning Ordinance § 5.5.2 (emphasis added). This Court finds the Board's utilization of this standard to be in error. Section 5.5.2 does not address the type of structure contemplated in the instant matter. Rather, the appropriate standard for the proposed dwelling is set forth in § 5.5.3, which requires a minimum of "[s]even hundred twenty square feet per family in a two-ormultifamily structure." See West Warwick Zoning Ordinance § 5.5.3 (emphasis added). The square footage of Appellants' proposed units exceed this minimum requirement as they contain a total of 1,120 square feet. Thus, the Board's determination on the issue of floor square footage is affected by error of law. See § 45-24-69(d)(4). *Page 11 
A review of the record does reveal that initially there was an issue with the front set back of the building. Specifically, a Board member pointed out that the sidewalk between the building and the parking lot was only three feet wide, which was in violation of the five foot width requirement of the Ordinance.[3] However, after this was brought to Appellants' attention, Mr. Freij testified that compliance with this requirement could be easily achieved by moving the proposed building back two feet. He also explained that moving the building in such a manner would not affect its compliance with any of the other requirements of the Ordinance. In particular, Mr. Freij maintained that there was ample room in the rear of the Property into which the proposed building could be moved. Moreover, Mr. Lombardo and Mr. Leutschwager also offered their expert opinion that the Appellants' proposal was in complete compliance with the requirements of the Ordinance.
Accordingly, this Court finds that the Board's finding with respect to compliance with the Ordinance was clearly erroneous in light of the reliable, probative and substantial evidence on the record.See § 45-24-69(d)(5). This Court is satisfied that Appellants' proposal will be in complete compliance with the Ordinance once the proposed dwelling is moved back a small number of feet. This modification to the site plan is minimal and as such, new notice was not required prior to the Board's public hearing. See Zeilstra v. Barrington Zoning Bd. ofReview, 417 A.2d 303, 307 (R.I. 1980) (quoting Paquette v. Zoning Boardof Review of West Warwick, 118 R.I. 109, 111, 372 A.2d 973, 974 (1977)) (In order "[t]o be sufficient, the notice sent `must be reasonably calculated, in light of all the circumstances, to apprise the interested parties of the *Page 12 
pendency of the action, of the precise character of the relief sought and of the particular property to be affected.'")
In addition to finding that Appellants' proposed use did not comply with the Ordinance, the Board also held that it did not conform to the purpose and intent of the Comprehensive Plan. In its revised decision, the Board offered no factual justification for this finding. The town solicitor's brief, submitted on behalf of the Board, did effort to give some shape to the Board's conclusion. However, as this Court has previously noted, it is not counsel's job to supplement the Board's decision. Furthermore, this conclusion of the Board is unsupported by the weight of the evidence on the record. Appellants' expert, Mr. Lombardo, spoke at some length about the proposal's compliance with the Comprehensive Plan. In particular, he testified that Appellants' proposal met the land use and housing goals of the Comprehensive Plan. Consequently, based on the proffered expert testimony, this Court holds that the Board's finding as to compliance with the Comprehensive Plan is clearly erroneous in light of the reliable, probative and substantial evidence on the record. See § 45-24-69(d)(5).
 Conclusion
Upon review of the entire record, this Court finds that the decision issued by the Board was affected by error of law, clearly erroneous in light of the reliable, probative and substantial evidence on the record and characterized by an abuse of discretion. Substantial rights of the appellants have been prejudiced. As a result, this Court reverses the Zoning Board's denial of the appellants' application for a special use permit. Counsel shall submit an appropriate order for entry in accordance with this Decision.
[1] See Cunha v. Zoning Bd. of Review, No. 06-0669, January 30, 2007, Thompson, J.
[2] Testimony before the Board indicated that it was not possible to reconfigure the parking as doing so would adversely affect the Property's drainage. Appellants, however, agreed to move the proposed building back five feet so that a landscaped buffer could be added to shield the parking lot from the street.
[3] See West Warwick Zoning Ordinance § 5.9.6. "No parking space or aisle shall be closer than five feet to any building or as required by the West Warwick Fire Department."